EDWARDS, Judge.
From an adverse ruling, plaintiff has appealed.
Facts
The facts of the this case are not in dispute. Plaintiff, Edgar Major, III, was injured while in the course and scope of his employment with Cotton’s, Inc. As a result of those injuries, Mr. Major was paid worker’s compensation benefits by United States Fidelity and Guaranty Company, (USF & G), the worker’s compensation insurer of Cotton’s Inc.
Mr. Major then filed suit against third party tortfeasors, as allowed by LSA-R.S. 23:1101. USF & G intervened to recover benefits paid as allowed by LSA-R.S. 23:1102. After trial on the merits, the jury returned a verdict in favor of plaintiff fixing damages at $1,379,000. The trial court’s judgment reduced the damages to $300,000.00 plus the interest on $500,-000.00, adopting a stipulation entered into by plaintiff’s and intervenor’s counsel. The judgment also adopted a subsequent stipulation which recognized the right of USF & G to recover benefits paid according to law.
A dispute arose as to the proper interpretation of the stipulation, and plaintiff filed a “Motion For Amendment of Judgment Between Plaintiff and Workers Compensation Intervenor (USF & G)” on April 30, 1987. After a hearing on the matter, the trial judge, on July 2, 1987 denied plaintiff’s motion and allowed the previous judgment to stand. From this denial, plaintiff has appealed.
LAW
Motions to amend a judgment are governed by LSA-C.C.P. art. 1951 which states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
When plaintiff filed his motion to amend, he asked that the court alter the distribution of the proceeds of the award by allowing the plaintiff to receive an additional portion of the total amount by forcing the intervenor, USF & G, to take less, as permitted by the case of Moody v. Arabie, 498 So.2d 1081 (La.1986).
Motions to amend a judgment are only allowed under severely restricted circumstances. To be allowed, the motion must either be to correct errors in calculation, or to alter phraseology. It is assumed that judgments are prepared with great *473 care and few alterations should be granted. See Hebert v. Hebert, 351 So.2d 1199 (La.1977). Changes in the substance of the judgment are not allowed.
A change in a judgment which alters the amount of relief that a party is entitled to receive is a substantive change, not allowed under LSA-C.C.P. art. 1951. See Abney v. Allstate Insurance Co., 442 So.2d 590 (La.App. 1st Cir.1983). The proper vehicle for a substantive change in a judgment is a timely application for a motion for a new trial. Coomes v. Allstate Insurance Co., 517 So.2d 436 (La.App. 1st Cir.1987). Because plaintiff filed neither a motion for a new trial nor a timely appeal of the final judgment rendered and signed on March 25, 1987, the delays for appeal have expired. LSA-C.C.P. art. 2087.
The effect of the denial of a motion to amend is to uphold the judgment. An order denying a motion to amend is not appealable. See Dunker v. New Orleans Baptist Theological Seminary, 411 So.2d 71 (La.App. 4th Cir.1982). An appellate court has the right to dismiss an appeal if no right to appeal exists. LSA-C.C.P. art. 2162. This court, for reasons cited above, dismisses plaintiff-appellant’s appeal at his cost.
APPEAL DISMISSED.