551 So.2d 57 (1989)
Edgar MAJOR, III
v.
COTTON'S, INC., et al.
No. CA 87 1235.
Court of Appeals of Louisiana, First Circuit.
October 11, 1989.
Rehearing Denied November 17, 1989.
*58 Steve M. Marks, Baton Rouge, for plaintiff-appellant Edgar Major, III.
Robert D. Hoover, Baton Rouge, for defendant-appellee U.S. Fidelity and Guar. Co.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
This appeal was originally dismissed by this court in 536 So.2d 471 (La.App. 1st Cir. 1988). The Louisiana Supreme Court, in 539 So.2d 625 (La. 1989), vacated the dismissal and remanded for a decision on the merits. Because the record does not contain sufficient facts upon which to render a decision, we remand to the trial court for a determination in compliance with reasons stated herein.[1]

LAW
At issue in this appeal is the proper allocation of the trial court's award between the plaintiff and the intervenor in a personal injury suit, filed against a third party tortfeasor, for injuries sustained *59 while within the course and scope of employment.[2] The dispute over the allocation of the award arises out of differing interpretations of the application of the Louisiana Supreme Court opinion in the case of Moody v. Arable, 498 So.2d 1081 (La.1986). Plaintiff, Edgar Major III, maintains that Moody mandates that the intervenor, United States Fidelity & Guaranty Company (USF & G), contribute to the costs of recovery by taking less from its intervention. This contribution must be made in order to compensate him for the benefit he has conferred upon USF & G in the form of release from future payments, as well as return of prior benefits paid. USF & G, however, maintains that Moody does not require that it contribute in all cases and that the facts of Moody are readily distinguishable from those present in this case. We agree with the plaintiff and remand for a judgment in accordance with the following reasons.
Moody involved a dispute over the proceeds of a judgment between a plaintiff and an intervenor in a suit brought against a third party tortfeasor for injuries sustained while within the course and scope of employment. While it is true, as intervenor claims, that Moody involved an award where there were insufficient funds available for all parties to receive a portion of the award, and here there are ample funds, nonetheless, this fact does not preclude application of those principles contained in Moody.
Moody contemplates that the intervenor take an active role in the suit to recover from the third party at fault in causing the injury. See H. Alston Johnson, Developments in the Law 1986-1987, Worker's Compensation, 48 La.L.Rev. 519, 533 (1987). It accomplishes this by applying principles of co-ownership of a right, wherein each co-owner is charged with contributing to the costs of maintaining and conserving the common thing (the right to recover) in proportion to their interests. In doing so, the court states:
Under these principles the necessary and reasonable costs of recovery are to be apportioned between the worker and the employer according to their interests in the recovery. First the court must determine the employer's proportionate interest in the recovery by determining the ratio or percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery.
498 So.2d at 1086.
Moody also provides the ratio that the court is to use in apportioning those costs of recovery between the intervenor and the plaintiff as:
Employer's Reimbursement Employer's share
 =
Recovery from third person of recovery
498 So.2d at 1086.
The "employer's share of recovery" represents the percentage of plaintiff's costs that the employer must contribute, in the form of taking less from the final award, in return for receiving the benefit that plaintiff has conferred on it.
Moody instructs the trial court first to decide which expenses represent the "necessary and reasonable expenditures and obligations, including those for attorneys' fees" which were incurred in effecting recovery. Moody at 1086. In determining this figure, the trial court is not bound by any contingency fee contract, but, instead, is to consider those principles enumerated in the Code of Professional Responsibility DR 2-106(A) and (B) in setting a reasonable fee. Moody at 1086. The question then, is how, under the facts present, is the actual computation to be made.
Here, the jury awarded $1,379,000. The trial court, recognizing a prior stipulation entered into by plaintiff's counsel and defendants, reduced the award to $641,615.[3] *60 Plaintiff maintains that the figure which should be used as the "recovery from the third person" to compute the ratio for reimbursement should be the lower, i.e., the judgment figure, because it represents the actual recovery. This figure would result in a larger ratio, and hence, a larger contribution to plaintiff's costs from USF & G. We disagree.
Moody provides that to qualify as a reasonable and necessary cost of recovery, the fee must relate to "necessary services which actually benefitted or augmented recovery..." Moody at 1086. This is so because the co-owner must have benefited in some fashion from the expenditure. Because the stipulated lower judgment amount, if it were applied, would have the effect of forcing the intervenor to take less from the award, it cannot be said that the stipulation by plaintiff's counsel benefited USF & G and, therefore, cannot be considered a necessary and reasonable expense for which USF & G should contribute. We note that, in some circumstances, such a stipulation could actually result in the intervenor not being able to recover the full amount of benefits paid.
Lastly, Moody instructs the trial court to set an amount of future benefits, if any, that the intervenor has been relieved of paying by virtue of the recovery from the tortfeasor. This figure is then assigned a present value and added to the employer's reimbursement to figure the employer's share of recovery. Moody at 1087. Because the record does not contain a sufficient breakdown of the award to determine this figure, we remand for a judgment setting this amount.
USF & G maintains that they have contributed to the recovery in every way possible and, thus, should not in any way have to contribute to the plaintiff's costs of recovery. We disagree. Moody states:
To qualify as a reasonable and necessary cost of recovery, however, the fee must relate to necessary services which actually benefitted or augmented recovery from the third person, rather than duplicative services or those designed to benefit a single party such as the mere monitoring of proceedings. In determining and fixing reasonable and necessary attorneys' fees the court must give careful and independent scrutiny to all of the relevant factors and circumstances because of the conflicts of interest between the worker, his attorney, the employer or carrier, and its attorney. (emphasis added)
498 So.2d at 1086, 1087.
We believe that in this, the court has instructed the trial judge to make a determination of which services provided by plaintiff and intervenor were necessary for maintaining the action. Those which the intervenor provided which contributed to the recovery, and which were not duplicative in nature, should be credited against the employer's share of recovery. We remand for that determination.
In conclusion, USF & G should contribute to the costs of recovery incurred by the plaintiff. To arrive at the proper proportion, the trial court should decide the amount of future compensation, reduced to present value, that USF & G has been relieved of paying by virtue of the award. This figure should be added to the amount that the intervenor has been reimbursed.[4] This total represents the employer's reimbursement, which is to be divided by the amount of the jury award. This provides USF & G's share of recovery expenses. The court should then decide which costs were reasonably necessary in maintaining the action, taking into consideration the Code of Professional Responsibility, with an offset for costs which it reasonably believes that USF & G contributed to the award. This figure is to be multiplied by the ratio arrived at as the employer's share of costs of recovery, and that amount is to be turned over to the plaintiff. All costs of *61 this appeal are to be charged in compliance with the ratio arrived at by the trial court.
REVERSED AND REMANDED.
NOTES
[1] For a full discussion of the facts and procedure leading to this appeal, see our prior decision, Major v. Cotton's, Inc., at 536 So.2d 471.
[2] LSA-R.S. 23:1101 authorizes an employee to file suit against a third party, not his employer, to recover damages sustained due to the fault of the third party, from an injury sustained while within the course and scope of employment. LSA-R.S. 23:1101 authorizes the employer, or the employer's insurer, to intervene in the suit authorized by 23:1101 in order to recover benefits paid to the employee, due to the fault of the third party.
[3] The actual judgment, recognizing the earlier stipulation, was for $300,000, and the interest on $500,000 from date of judicial demand.
[4] By stipulation, $114,410 plus the escrowed amount of $57,205.