498 So.2d 1081 (1986)
Samuel Lee MOODY
v.
Edward L. ARABIE, NTC Chemical Co., Aetna Casualty & Surety Co., & Francis Camel Construction, Inc. & Commercial Union Assurance Co. (Intervenor).
No. 86-C-0703.
Supreme Court of Louisiana.
November 24, 1986.
Rehearing Denied January 8, 1987.
*1083 Lawrence Curtis, J. Minos Simon, Ltd., Lafayette, for applicant.
James Pate, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for respondent.
DENNIS, Justice.
When a third party suit is brought or recovery effected by an injured worker, and his employer or its carrier intervenes for recoupment of workers' compensation paid to the worker, is the employer or carrier obliged to pay a portion of the attorneys' fees out of its share? This is the ultimate question presented in this case. The trial court held that the worker's attorney was entitled under his contingency fee contract with the worker to collect one third of the gross recovery because La.R.S. 9:5001 grants an attorney a first privilege on a judgment obtained by him and on property recovered thereby. The court of appeal reversed, holding that because the employer was not a party or a debtor under the contingent fee contract the accessory right of privilege established by La.R.S. 9:5001 could not affect proceeds due to the employer under the judgment. 485 So.2d 660. We agree with and affirm that part of the court of appeal judgment. However, we amend the remainder of its decree and remand the case to the trial court for further proceedings consistent with our opinion. The employer or carrier may be charged with a proportionate share of the reasonable and necessary costs of recovery, including attorneys' fees, incurred by the injured worker in the suit against the third person. In determining and fixing necessary and reasonable attorneys' fees, the court must adhere to the Code of Professional Responsibility which prohibits a fee in excess of a reasonable fee, and requires the court to disregard any provisions of an attorney-client contract that would produce an excessive, unearned or incommensurate fee.
While operating his employer's pickup truck, Samuel Lee Moody suffered a work related accident for which he received workers' compensation. Moody sued various third persons for damages because of *1084 his injuries. The employer's workers' compensation carrier intervened to recover workers' compensation benefits paid to Moody. A jury found for Moody against Francis Camel Construction, Inc., one of the defendants, and a judgment for $60,000 was entered. The judgment recognized the compensation carrier's claim in the amount of $35,401.22 and ordered that sum to be paid, in preference, out of Moody's judgment. The liability insurer of Francis Camel Construction, Inc. paid the judgment, including interest and costs, with a check for $82,303.72 made payable to the worker, his attorney, and the employer's carrier. A dispute arose over the apportionment of the proceeds of the judgment. The employer's insurer filed a motion to enforce the judgment. The worker's attorney filed an opposition to that motion.
After hearings, the trial court ruled that, based on the total recovery, which including interest and costs amounted to $82,303.72, the worker's attorney under the contingency fee contract and La.R.S. 9:5001 was entitled to one third of the recovery or $27,434.57 and reimbursement for out-of-pocket expenses of $5,898.49, and the employer's compensation carrier was entitled to recoup $48,970.66 for compensation paid. The carrier had actually paid $49,286.23 in compensation but because the judgment was not sufficient the carrier was not fully reimbursed and the worker received nothing.
The court of appeal reversed this decision and held that the privilege and first rank granted to a worker's attorney is effective only against the portion of the recovery which falls to the injured worker after the employer or carrier has been first reimbursed in full for everything which has been paid in compensation benefits down to the moment of reimbursement. Because of an inadequate record the court of appeal remanded the case for further proceedings consistent with its opinion.
Throughout this litigation, the worker's attorney has taken the position that by virtue of La.R.S. 9:5001, his one third contingent fee under his contract with the worker ranks as a first privilege on all of the proceeds of the judgment he obtained. As the court of appeal recognized, however, this rationale is incorrect. A privilege is an accessory right, an incident to a debt or obligation for which it is security and a remedy. As Civil Code article 3186 provides, "Privilege is a right, which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have mortgages." The contract between the attorney and his client the worker created no debt or obligation on the part of the employer or carrier because they were not parties to that agreement. Therefore, this being the only ground urged, the attorney has failed to show that there is any debtor-creditor relationship between him and the employer or carrier which would permit him to superinduce a privilege upon their property or proceeds resulting from the judgment.
We conclude, therefore, that the court of appeal correctly reversed the trial court's judgment awarding plaintiff's counsel one third of the total verdict rendered herein. Nor do we find any fault with the appellate court's decision to remand the case to the trial court for further proceedings rather than to render a judgment upon an inadequate record. When the case is remanded to the trial court, however, that court should be given instructions as to the correct legal basis for the allocation of the costs of recovery between the worker and the employer; and as to the principles of law for determining and fixing the reasonable attorneys' fees.
When a worker is injured during the course and scope of his employment by the offense or quasi offense of a third person, the worker's right to recover damages from the third person is a property right and the employer's payment of workers' compensation does not deprive the injured worker of his action against the third person. La.C.C. art. 2315; La.R.S. 23:1101. However, an employer who is obliged to pay compensation to the worker in such a case may sue the third person for reimbursement *1085 of the compensation obligation. La.R.S. 23:1102(B). When either the worker or the employer sues the third person he must notify the other of the pending suit, and the other may intervene as party plaintiff. La.R.S. 23:1102(A). In the event a suit is filed by either the worker or the employer, and damages are recovered, damages shall be apportioned so that the employer's claim for compensation paid shall take precedence over that of the worker, but if the damages are more than sufficient to reimburse the employer, the excess shall be assessed in favor of the worker. La.R.S. 23:1103. When an excess in damages is paid to the worker the employer is entitled to a credit of such amount against compensation it will become obligated to pay in the future. La.R.S. 23:1103.
The workers' compensation law is silent on the subject of who is obliged to pay the costs of litigation or recovery against the third person. Formerly, the statute expressly provided for the employer to be reimbursed his costs and a reasonable attorneys' fees, thereby, in effect, imposing the total burden of recovery costs upon the worker. Act 247 of 1920. In 1958, however, the statute was amended to eliminate this provision and to leave the statute devoid of any statement on the subject. Act 109 of 1958. Because the workers' compensation statute does not expressly provide for the allocation of litigation costs, or costs of recovery, the statute must be construed with reference to other laws on the same subject matter. La.C.C. art. 17.
When an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from the third person. Since the Civil Code has not dealt in detail with co-ownership of single things, the task to construct a doctrine has fallen to the writers, using as help the statutory principles furnished by the titles on ownership, successions, and partnership contract. La.C.C. art. 480; Aubry & Rau, Property § 221, 329.
The interests of co-owners do not represent distinct material units. Therefore none of them can exercise without the consent of the other co-owners any physical or legal acts aimed at the whole or even the smallest specific portion of the thing, if such acts imply the present and direct exercise of ownership. Id. 331. No co-owner may cause any material changes, unless all the co-owners have consented, tacitly if necessary. Acts by a sole co-owner, if useful to all, are ratified as a defacto agency (negotiorum gestio). Id. Each co-owner may force the others to contribute to the costs of maintenance and conservation of the common thing in proportion to their interests; but they can acquit themselves of this duty by abandoning their co-ownership right. Id. 333, 338. Cf. Whatley v. McMillan, 152 La. 978, 94 So. 905 (1923); Scott v. Hunt Oil Co., 152 So.2d 599 (La. App. 2d Cir.1962); and Planiol, Treatise on the Civil Law, Vol. 1, Part 2, § 2512-13, 2523.
Applying this doctrine to the action and right against the third person, we conclude that, with respect to any cost necessary to the maintenance and conservation of the right, each co-owner is always obliged to contribute in proportion to his interest in the right, and that, with respect to any other litigation costs, each co-owner is responsible for his proportionate part of reasonable and necessary expenses and legal services that accrue to his benefit.[1] Under the doctrine, each co-owner is liable for necessary maintenance and conservation costs, such as those involved in filing suit and interrupting prescription, regardless of whether he consented to them. Ordinarily he would not be bound for other litigation costs incurred without his consent, *1086 but the workers' compensation law dispenses with the requirement of his consent. The statute authorizes either the worker or the employer to affect and materially change the whole right by prosecuting a suit against the third person and by recovering for all damages sustained. Moreover, whenever the worker or the employer intervenes in such an action, he tacitly consents to a material change in the right and ratifies all reasonable and necessary acts which are useful and beneficial to his interest.
Under these principles the necessary and reasonable costs of recovery are to be apportioned between the worker and the employer according to their interests in the recovery. First the court must determine the employer's proportionate interest in the recovery by determining the ratio or percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery. For example, in the present case, in which the compensation paid is $49,286.23 and the total recovery is $82,303.72, the employer's proportionate interest in the recovery is calculated as follows:
Employer's reimbursement = Employer's share of recovery
Recovery from third person
 $49,286.23[2] = 59.88%
 $82,303.72
Accordingly, because the employer has a 59.88% interest in the recovery, 59.88% of the cost of the recovery should be assessed to him. Reciprocally, the worker has a 40.12% interest in the recovery and is therefore bound to pay 40.12% of the cost of the recovery.
The costs of recovery are the necessary and reasonable expenditures and obligations, including those for attorneys' fees, incurred in effecting recovery. In determining and fixing the attorneys' fees, the court must adhere to the Code of Professional Responsibility which prohibits a lawyer from collecting a fee that is in excess of a reasonable fee, DR 2-106(A), and sets forth factors to be considered as guides in determining the reasonableness of attorneys' fees:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
DR 2-106(B).
These rules and standards permit a court to consider an attorney-client contract among other factors but prohibit it from being bound by such an agreement in determining reasonable attorneys' fees. These precepts apply to the determination of a reasonable fee for either the worker's or the employer's attorney and have the force and effect of substantive laws. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); and Calk v. Highland Construction & Manufacturing, 376 So.2d 495 (La.1979); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 114 (La.1979) (on rehearing). To qualify as a reasonable and necessary cost of recovery, however, the fee must relate to necessary services which actually benefitted or augmented recovery from the third person, rather than duplicative services or those designed to benefit a single party such as the mere monitoring *1087 of proceedings. In determining and fixing reasonable and necessary attorneys' fees the court must give careful and independent scrutiny to all of the relevant factors and circumstances because of the conflicts of interest between the worker, his attorney, the employer or carrier, and its attorney.
By deducting the employer's proportionate share of recovery costs from the compensation actually paid, the court arrives at the net amount to be reimbursed to the employer or the carrier. If the proceeds of the judgment are sufficient after the employer or carrier has been paid its net share of recovery, the excess shall be used to pay the worker his net share of recovery. Of course, if the proceeds of the judgment are not sufficient to refund the employer or carrier the compensation actually paid less its proportionate share of recovery costs, the worker will receive nothing because under the workers' compensation act the claim of the employer or carrier takes precedence. La.R.S. 23:1103.
There is one additional factor which should be considered in arriving at the employer's proportionate cost of recovery. By statute, the dollar amount of the recovery actually received by the worker is treated as a credit against any future compensation the employer or carrier would have been required to pay but for the third party recovery. La.R.S. 23:1101, 1103. When the employer receives the benefit of such a credit, it should bear that proportion of the recovery costs which relates to the present value of its probable future compensation liability, in addition to the recovery costs attributable to its reimbursement of past compensation actually paid. See Larson, Workers' Compensation § 74.32(a)(4) and authorities cited at n. 18. Of course, if the employer's future liability has been completely reimbursed or if future liability appears to be unlikely, the employer should not be assessed with any of the costs of recovering the excess damages actually received by the worker. Most courts have concluded that the employer's equitable share of the fees and expenses involved in the employee's third party recovery should include recovery cost calculated on the present value of his total probable future liability, rather than being restricted to recovery costs based exclusively on past benefits actually paid. See Larson, Workers' Compensation § 74.32(a)(4) and authorities cited at n. 18. We agree with the majority view. If the employer or carrier is relieved of a probable future liability for compensation then it should pay for this benefit by contributing additional recovery costs apportionate to the present value of the probable future compensation liability.
The judgment of the court of appeal is amended to remand the case to the trial court for further proceedings consistent with the opinion of this court and, as amended, is affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.
LEMMON, J., concurs and will assign reasons.
MARCUS, J., dissents.
COLE, J., respectfully dissents.
NOTES
[1] In a substantial majority of states, where a third party suit is brought or recovery effected by the employee, the employer or carrier is now obliged to pay a portion of the attorneys' fees out of his share. See Larson, Workers' Compensation, § 74.32(a) and authorities cited therein.
[2] These figures represent the amount of compensation paid and the amount of the judgment, including interest, as of the time the court of appeal rendered its opinion. On remand, the trial court should use the most current figures in computing this percentage.