Robert **BARTHOLOMEW**, Jr., et ux.

v.

**CNG PRODUCING COMPANY.**

Civ. A. No. 85–2717 "L".

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

March 29, 1988.

J.B. Jones, Jr., Cameron, La., and Wilford D. Carter, Lake Charles, La., for plaintiff.

Kenny M. Charbonnet, Metairie, La., for intervenor.

Elizabeth H. Ryan, New Orleans, La., for defendant.

## MEMORANDUM RULING

DUHE, District Judge.

This ruling concerns plaintiff's attorney's motion to set attorney fees. The law corporation of Jones, Jones & Alexander ("Jones") successfully pursued plaintiff's claim against CNG Producing Company ("CNG"). As a result of plaintiff's suit, Liberty Mutual Insurance Company ("Liberty"), as intervenor, recovered the sum of $79,119.16.

Jones contends that since this case was governed by the Outer Continental Shelf Lands Act ("OCSLA"), federal law supplemented by state law to the extent it is not inconsistent with federal laws or regulations is controlling. Furthermore, under *Moody v. Arabie,* 498 So.2d 1081 (La.1986), the plaintiff and his attorney are entitled to attorney's fees and a fair share of the cost in connection with the prosecution of the intervenor's claim.

Liberty contends that *Moody* is not to be applied in all cases, but only when the employer-intervenor has received the benefit of the recovery without incurring any legal expenses itself. Additionally, Liberty contends that *Moody,* which dealt with the Louisiana law of worker's compensation does not apply on a fixed platform located on the Outer Continental Shelf, because the OCSLA, 43 U.S.C. 1333(b) adopts the Longshore and Harbor Worker's Compensation Act ("LHWCA") as the compensation act for employees injured as a result of operations conducted on the Outer Continental Shelf for the purpose of oil production.

## LAW AND ANALYSIS

*Moody v. Arabie, supra,* which grants to plaintiff's attorney a share in any proceeds recovered by an intervenor as the result of the plaintiff's attorney's efforts is based on the Louisiana law of worker's compensation, La.Rev.Stat. 23:1101, *et seq.* The scheme under this statute grants both employee and employer the right to sue third parties responsible for work related injuries, the employee for his own damages, and the employer for reimbursement of compensation. Pursuant to La.Rev.Stat. 23:1102(A) either party may sue and the other may intervene as party plaintiff, thus the employer and the employee become co-owners of the right to recover damages from third persons.

Under the LHWCA, the right to sue the third party is exclusively the employee's until that right is assigned to the employer then it belongs to the employer exclusively. *Rodriguez v. Compass Shipping Co.,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981). Under the LHWCA, unlike the Louisiana worker's compensation scheme, the right to sue a third party tortfeasor may not be exercised at the same time by the employee and employer. The employer's right to recover acts as a lien on the employee's recovery.

Since federal law in the form of the LHWCA applies in this case, the law of the adjacent state, Louisiana, cannot act as surrogate federal law, if it is inconsistent with any federal laws or regulations. The United States Supreme Court in *Bloomer v. Liberty Mutual Insurance Co.,* 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980), held that a stevedore's lien for the amount of its compensation payment to an injured

**34**

longshoreman under the LHWCA against the longshoreman's recovery in a negligence action against the shipowner may not be reduced by an amount representing the stevedore's proportionate share of the longshoreman's legal expenses in obtaining recovery from the shipowner. The language, structure, and history of the LHWCA supports this conclusion, rather than the application of the equitable "common fund" doctrine that when a third person benefits from litigation instituted by another, that person may be required to bear a portion of the expenses of suit.

The Louisiana law under *Moody* is based on the "common fund" doctrine which is inconsistent with the federal law under the LHWCA as stated in *Bloomer, supra.* Therefore, under the LHWCA and *Bloomer,* the intervenor is entitled to full recovery of compensation paid, and cannot be required to pay a share of plaintiff's litigation expenses.

Accordingly, plaintiff's attorney's motion to set attorney's fees is denied.