550 So.2d 745 (1989)
Paul D. HERRINGTON, Appellant,
v.
G.C. "Pete" MAYO, Jerry Bray and Maryland Casualty Company: International Paper Company, Appellee/Intervenor.
No. 20632-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
*746 Hamilton & Carroll by O.N. Hamilton, Jr., Oak Grove, for appellant.
Hayes Harkey, Smith and Cascio, by Charles S. Smith, Monroe, for Bray, Mayo and Maryland Cas. Co., appellee.
Theus, Grisham, Davis and Leigh by Brian Crawford, Monroe, for Intern. Paper Co., intervenor.
Before MARVIN, FRED W. JONES, Jr. and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
On June 23, 1983, plaintiff Herrington was injured in the course and scope of his employment with International Paper Company. International Paper subsequently began paying plaintiff's medical expenses and weekly compensation benefits.
On April 25, 1984 plaintiff filed suit against defendant Mayo, a contractor for International Paper whom plaintiff claimed was primarily responsible for his injury. Also named defendants were Bray, the employee plaintiff claimed actually injured him, and Mayo's liability insurer, Maryland Casualty and Surety Company. International Paper intervened, pursuant to La. R.S. 23:1101-1103, seeking recovery of all compensation benefits previously paid by it to plaintiff and all future benefits to be paid, out of any sum awarded to plaintiff.
After trial was concluded, the trial court found Bray primarily at fault in causing plaintiff's injuries, but also found plaintiff comparatively negligent. The court ruled defendant 80% negligent and plaintiff 20% negligent, and reduced by 20% the damages recoverable by plaintiff.
After trial, plaintiff and defendant negotiated a settlement in which intervenor concurred, and a "Joint Motion and Stipulation for Remittitur and Consent Judgment" was filed. Pursuant to this agreement, defendant Maryland Casualty Co. deposited $139,500 into the Registry of the Court on behalf of its insureds, Mayo and Bray. This sum represented the $100,000 policy limits plus $39,500 in legal interest. The parties stipulated that intervenor's claims were included in this figure. Plaintiff withdrew $69,960.51, of which $46,453.00 (representing one-third of the entire judgment, per the contingency fee contract between plaintiff and his attorney) was paid to his attorney, and intervenor claimed entitlement to the $69,539.49 remaining. It was also stipulated that the $69,539.49 would remain in the Registry of the Court until the District Court held a hearing and ruled on the following issues:
1) Whether the assessment of 20% fault on plaintiff's part reduced intervenor's claim proportionately?
2) What amount of attorneys fees, if any, were to be assessed against intervenor?
3) Is intervenor entitled to any legal interest, and if so, how much and from what inception date?
After the hearing, the trial judge ruled that intervenor's recovery was not to be reduced by the percentage of plaintiff's negligence, and that intervenor was not required to pay any portion of the cost of recovery incurred by plaintiff. The judge further ruled that intervenor was entitled to collect legal interest in accordance with Chatelain v. Project Square 221, 505 So.2d 177 (La.App. 4th Cir.1987), writs denied, 508 So.2d 71 and 508 So.2d 74 (La.1987), as it had previously been stipulated that this decision contained a correct statement of the law on this issue.
Plaintiff appealed the judgment, assigning the following as error:
1. The trial court's failure to reduce intervenor's claim by the 20% comparative negligence assessed to plaintiff;
2. The trial court's failure to require intervenor to pay any portion of the cost of recovery incurred by plaintiff.
*747 On appeal, plaintiff contends that the trial court erred by refusing to reduce intervenor's recovery by the proportion of negligence assessed to him, arguing that a compensation carrier's right to recover is dependent on the amount the injured worker can recover. He relies on La. R.S. 23:1101, as amended by Act No. 931 of the 1985 Regular Session of the Legislature, which authorizes consideration of the employee's negligence in determining the amount of reimbursement to which an employer is entitled from a third party award.
Intervenor contends that the amendment to R.S. 23:1101 may not be applied retroactively. We agree. In the absence of contrary legislative expression, substantive laws, or substantive changes in the law can have prospective effect only.
In his opinion, the trial judge relied upon the cases of Gadman v. State Through Department of Transportation and Development, 493 So.2d 661 (La.App.2d Cir. 1986) and Vallere v. Nicor Exploration Co., 512 So.2d 514 (La.App.3d Cir.1987). Vallere held that the 1985 changes in La. R.S. 23:1101 were substantive in nature and thus not to be applied retroactively. In accord, see: Williams v. American Crecent Elevators, 518 So.2d 1091 (La.App. 4th Cir.1987), writs denied, 521 So.2d 1189 and 521 So.2d 1190 (La.1988). In Gadman, we held that the portion of the judgment awarding reimbursement in favor of the worker's compensation carrier was final and definitive, as plaintiff did not answer the appeal, but only asserted in his answer to the Department's appeal that the reimbursement should be proportionately reduced by the percentage of fault assessed against him. However, in that case we also stated:
"Even if the plaintiff had properly appealed the judgment in favor of CU, we would still find that CU's right to reimbursement had vested at the time the accident occurred and that the 1985 amendment to LSA-R.S. 23:1101 could not be retroactively applied to deprive it of this vested right." (citation omitted).
Plaintiff relies upon Scott v. Barclay's American Leasing Service, 506 So.2d 823 (La.App. 1st Cir.1987), writ denied, 508 So.2d 88 (La.1987) and Chatelain v. Project Square 221, supra in support of his position that the amendment was not substantive in nature and was meant to be applied retroactively. We disagree with the reasoning of these cases, and find the weight of authority to favor intervenor's position. The trial judge did not err in his ruling in this regard.
The second issue for our consideration is whether intervenor should be required to reimburse plaintiff for a portion of the attorney's fees paid to his attorney. In this regard, Moody v. Arabie, 498 So.2d 1081 (La.1986), holding that a worker's compensation carrier for the employer of the injured worker was obliged to pay a portion of the necessary and reasonable costs of recovery, out of its share of the recovery, is controlling. In Moody, the Supreme Court stated that the necessary and reasonable costs of recovery, including attorney fees, are to be apportioned between the worker and the employer according to their interests in the recovery. In determining what constitutes a "reasonable" fee, the court stated, courts must adhere to the guidelines of the Code of Professional Responsibility. In addition, the court in Moody set forth various guidelines to be considered in apportioning the costs of recovery. As we interpreted Moody in Mini Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App.2d Cir.1987), writs denied, 515 So.2d 447 and 515 So.2d 451 (La.1987), a court may consider an attorney/client contract in fixing the fee, but is prohibited from being bound by such an agreement.
In this case, the trial judge did not address the issue of the reasonableness of the fee. While recognizing that Moody sought to apportion the reasonable costs of recovery, the trial court found it "... difficult... in the context of this case, to... require(e) intervenor to reimburse (plaintiff) for his attorney." He further stated that "[i]t would be inequitable to require intervenor to pay a full one-third of its (recovery).... [S]uch a payment would be contrary to the principles set forth in *748 Moody and, thus, excessive." Finally, the court declined "under these circumstances" to assess against intervenor any portion of plaintiff's attorney fees.
The trial judge erred in refusing to apportion the reasonable costs of plaintiff's recovery between plaintiff and intervenor, in accordance with the clear terms of Moody. It is not necessary, as the trial judge implied, to require intervenor to pay a full one-third of its recovery to plaintiff. The trial court was not bound by the one-third contingency fee agreement between plaintiff and his attorney, but rather, has the authority to independently determine what would be reasonable under the circumstances and to apportion that amount between plaintiff and intervenor according to their interest in the recovery. For these reasons, we remand this case with instructions to the trial court to determine and fix the "necessary and reasonable" costs of recovery, including attorney fees, in accordance with the principles set forth in Moody, and to apportion this amount between plaintiff and intervenor.
Finally, regarding the issue of judicial interest, the parties stipulated that the intervenor was entitled to legal interest computed in accordance with Chatelain v. Project Square 221, supra, which holds that an intervening worker's compensation carrier seeking reimbursement from the third party tortfeasor is entitled to legal interest from the date of judicial demand and to legal interest on the amount of each payment made after judicial demand, commencing from the date each payment was made until the judgment is paid. The trial judge accepted this agreement and ruled accordingly. We find no error in this ruling.
Therefore, for the reasons stated, we AFFIRM that part of the trial court judgment ordering that the recovery of the intervenor not be reduced by the percentage of plaintiff's negligence and the last paragraph of the judgment relating to withdrawal of funds from the Court Registry by the intervenor. We REVERSE that part of the judgment directing that intervenor not be assessed any amount for payment of plaintiff's attorney fee and REMAND the case to the trial court to fix that portion of a reasonable attorney fee to be assessed to the intervenor, in accordance with the instructions in this opinion. Cost of appeal is assessed equally to plaintiff and intervenor.