GUIDRY, Judge.
On November 13, 1985, Ernest Taylor was injured in a work-related accident. Taylor was self-employed at the time of the accident and was insured under a worker’s compensation insurance policy issued by Aetna Casualty and Surety Company. After the accident, Aetna began paying Taylor compensation benefits and his medical expenses.
On June 26, 1986, Ernest Taylor and his wife, Laverne Taylor, filed suit against various third parties seeking damages for Ernest’s injuries and Laverne’s loss of consortium. Aetna intervened in the suit and sought recovery of all compensation benefits and medical expenses previously paid to Taylor as well as a credit for all future benefits that may be due Taylor.
After a trial on the merits, the trial court rendered judgment on September 3, 1987 and signed a formal judgment on September 18, 1987, which provided in pertinent part as follows:
“... it is therefore,
ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Ernest Taylor and against Production Services, Inc. of Mississippi and The Home Insurance Company in the full sum of $227,915.00 with legal interest thereon from date of judicial demand until paid.
*816 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Aetna Casualty and Surety Company and against Production Services, Inc. of Mississippi and Home Insurance Company in the full sum of $44,744.00 to be paid to Aetna Casualty and Surety Company by preference and priority and from the proceeds of the judgment rendered in the preceding paragraph in favor of Ernest Taylor together with legal interest thereon from date of judicial demand until paid and for cost of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Aetna Casualty and Surety Company’s claim for future medical expenses be recognized and reimbursement is limited to the sum of $2,500.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Aetna Casualty and Surety Company’s future worker compensation payment and reimbursement credit for future weekly compensation benefits at the rate of $254.00 per week be and is hereby limited to the amount of future loss of earnings of $91,432.00 discounted at 6%.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there by judgment herein in favor of Mrs. Ernest Taylor and against Production Service [sic], Inc. of Mississippi and The Home Insurance Company in the full sum of $10,000.00 together with legal interest thereon from date of judicial demand until paid.”
On September 12, 1987, Production Services, Inc. of Mississippi and Home Insurance Company deposited $290,379.70 into the registry of the court, in full satisfaction of the judgment rendered on September 3, 1987. On September 21, 1987, the trial court ordered the disbursement of the deposited sum. The sum of $44,744.00 was disbursed to Aetna and $245,713.92 was disbursed jointly to the Taylors and their attorney, Wm. Henry Sanders.
Prior to the disbursement of these funds, Ernest Taylor filed a motion seeking a court order apportioning between he and Aetna the costs of recovery of the judgment rendered against the third party tort-feasors including attorney’s fees. On May 10, 1989, a contradictory hearing was held in connection with this matter. Subsequently, a judgment was signed on August 31, 1989, in which the trial court, following the principles set forth in Moody v. Arabie, 498 So.2d 1081 (La.1987),[1] apportioned a percentage of the costs of recovery, including attorney’s fees, to Aetna. The judgment, on the motion to apportion costs provides in pertinent part as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein against AETNA CASUALTY & SURETY COMPANY in favor of ERNEST TAYLOR in proportion of two-thirds (2/3) and WM. HENRY SANDERS in the proportion of one-third (1/3), jointly, of the principal sum of Six Thousand One Hundred Eighty and 33/100 ($6,180.33) DOLLARS together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of WM. HENRY SANDERS and against AETNA CASUALTY & SURETY COMPANY in the principal amount of TWO THOUSAND FIVE HUNDRED AND NO/100 ($2,500.00) DOLLARS together with legal interest from date of judgment until paid.”
Ernest Taylor and his attorney, Wm. Henry Sanders, both appeal the trial court’s judgment of August 31, 1989.[2]
Appellants urge error in the trial court’s judgment as follows:
*817 1. The trial court erred in calculating the present value of Aetna’s credit against Taylor for its future liability to Taylor for compensation benefits.
2. The trial court erred in calculating Aetna’s proportionate share of recovery from the third party tortfeasors.
3. The trial court erred in calculating the dollar amount of Aetna’s share of reasonable and necessary expenses to secure recovery of the award from third parties.
4. The trial court erred in dividing the award of Aetna’s share of costs of recovery between Taylor and his attorney, Sanders.
5. The trial court erred in awarding judgment in favor of Sanders for attorney’s fees.
6. The trial court erred in fixing Aet-na’s share of attorney’s fees incurred by Taylor.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
Appellants contend that the trial court erred in calculating the present value of Aetna’s credit for its future liability for compensation benefits and, as a result, the trial court miscalculated Aetna’s proportionate share of recovery from the third party tortfeasors.
In order to properly address the issues presented by these assignments of error, it is necessary to consider the principles enunciated by the Louisiana Supreme Court in Moody v. Arabie, supra. Recently, this court in Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La.App. 3rd Cir.1990), writ denied, 565 So.2d 450 (La.1990), made the following remarks regarding the Moody decision:
“In Moody, the plaintiff brought suit against various third parties seeking damages for injuries received in a work-related accident. The worker’s compensation insurer of plaintiff’s employer filed an intervention to recover benefits paid to the plaintiff. The plaintiff ultimately obtained a judgment in his favor but received nothing because the award was insufficient to pay his attorney’s contingency fee and the claim for reimbursement of worker’s compensation benefits by the worker’s compensation insurer. Hence, a dispute arose over the apportionment of the proceeds of plaintiff’s judgment between the claim of plaintiff’s attorney and the claim of inter-venors for reimbursement of worker’s compensation benefits.
In fashioning a judicial remedy, the Louisiana Supreme Court reasoned that a worker who has been injured by a third party tortfeasor and the employer who pays compensation because of the injury become co-owners of a right to recover damages from the third person. Moody, supra, at 1085. The court concluded that each co-owner is obligated to bear a portion of “reasonable and necessary” litigation expenses and attorney’s fees proportionate to their interest in the recovery. Id. at 1085, 1086.
The court set forth the following guidelines for the allocation of these expenses and fees between the employer and worker from the worker’s recovery against a third party:
“First the court must determine the employer’s proportionate interest in the recovery by determining the ratio or percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery. For example, in the present case, in which the compensation paid is $49,-286.23 and the total recovery is $82,-303.72, the employer’s proportionate interest in the recovery is calculated as follows:
Employer's reimbursement Recovery from third person = Employer’s share of recovery
$49,286.23 $82,303.72 = 59.88%
Accordingly, because the employer has a 59.88% interest in the recovery, 59.-88% of the cost of the recovery should be assessed to him. Reciprocally, the worker has a 40.12% interest in the recovery and is therefore bound to pay 40.12% of the cost of recovery.” (Footnote omitted.) Moody v. Arabie, 498 So.2d 1081, at page 1086 (La.1986).”
*818 The trial court judgment granted Aetna a credit for future compensation liability of $254.00 a week limited to the sum of $91,432.00 discounted at 6%. In its later judgment on the motion to apportion costs, the trial court chose to alter its previous judgment. In written reasons, the trial court stated:
“... In addition, Aetna is entitled to a reimbursement credit for future workman’s [sic] compensation payments. In that respect the Judgment of the Court is somewhat misleading. In this Court’s Reasons for Judgment on the principal case it was determined due to Mr. Taylor’s preexisting medical condition that his work life expectancy was only to age sixty (60) or 4.69 years from the date of the trial. Aetna would therefore be entitled to a reimbursement credit for future weekly compensation benefits of [sic] a rate of Two Hundred Fifty-four Dollars ($254.00) a week for 4.69 years to be discounted at seven percent (7%) (please see Reasons for Judgment, page 3), which amount has a present value at the hearing of this matter of Forty Five Thousand, One Hundred Two Dollars and 44/100 ($45,102.44).”
The September 18, 1987 judgment is a final judgment. At the hearing on the motion to apportion costs, the trial court was not at liberty to alter or change its substance. La.C.C.P. art. 1951; Villaume v. Villaume, 363 So.2d 448 (La.1978). Therefore, irrespective of the correctness of the $91,432.00 figure, the trial court was obliged to use that figure in determining the present value of Aetna’s credit for future compensation benefits.
Utilizing the figures contained in the September 18, 1987 judgment, we determine that a credit of $254.00 a week limited to the sum of $91,432.00 amounts to 359.97 weekly payments or 6.92 years. We choose to round this figure off to 7 years. Discounting the sum of $91,432.00 at the rate of 6% per annum for 7 years results in a present value figure of $74,437.37.[3]
The present value of Aetna’s probable future compensation liability must be added to the amount of reimbursement due Aetna to determine Aetna’s share of recovery. Moody v. Arabie, at 1087. Inasmuch as the trial court was in error in its determination of the present value of Aetna’s future compensation liability, it necessarily follows that the lower court miscalculated Aetna’s share of recovery from the third party tortfeasors.
Aetna was awarded $44,744.00 in past compensation and medical expenses. The present value of Aetna’s future compensation liability is $74,437.37. The trial court also granted Aetna a credit of $2,500.00 in future medical expenses. The total recovery from the tortfeasors was $290,457.92. Applying the Moody formula to these figures, we arrive at the following as Aetna’s share of recovery:
$44,744.00 + $74,437.37 + $2,500.00 = 41.89%
$290,457.92
We will amend the trial court’s judgment in accordance with this calculation.
ASSIGNMENT OF ERROR NO. 3
Taylor next urges that the trial court erred in calculating the dollar amount of Aetna’s proportionate share of litigation expenses.
The trial court determined that the litigation expenses amounted to $19,435.03. This figure is not disputed by the parties and we find that the record supports the trial court’s determination in this regard. However, since the trial court miscalculated Aetna’s share of recovery, the lower court’s calculation of the dollar amount of Aetna’s share of litigation expenses is also in error. Applying Aetna’s share of recovery, i.e., 41.89%, to the total litigation expenses of $19,435.03, we conclude that Aet-na’s share of litigation expenses amounts to $8,141.33.
ASSIGNMENTS OF ERROR NOS. 4 AND 5
Taylor contends that the trial court erred in dividing the award of Aetna’s share of litigation expenses between he and *819 Taylor also argues that the his attorney, trial court erred in awarding attorney’s fees directly to his attorney. We agree with these contentions.
The trial court, in assessing a proportionate share of litigation expenses to Aetna, noted in written reasons that “[o]ne third of that amount should be paid to the attorney for Mr. Taylor pursuant to his contractual agreement and the other two thirds should be paid to Mr. Taylor who has himself borne that expense”. This was error. Although the record establishes that appellant and his attorney had entered into a one-third contingency fee contract, Aetna was not a party to that contract. The contingency fee contract created no debt or obligation on the part of Aetna in favor of Sanders. Moody v. Arabie, at 1084. Further, Sanders acknowledges in his appellate brief that he is not a party to this suit. Therefore, judgment could not be rendered against Aetna in his favor. Accordingly, Aetna’s share of litigation expenses are due solely to Ernest Taylor. For these same reasons, we conclude that the trial court also erred in awarding attorney’s fees directly to Sanders. The award of attorney’s fees as a cost of recovery is due solely to Ernest Taylor.
ASSIGNMENT OF ERROR NO. 6
Taylor finally contends that the trial court abused its discretion in limiting recovery of attorney’s fees from Aetna to the amount of $2,500.00.
Moody defines the costs of recovery as “... the necessary and reasonable expenditures and obligations, including those for attorney’s fees” which were incurred in effecting recovery. According to Moody, to determine the attorney’s fees, the court is not bound by any contingency fee arrangement, but rather, should consider the interests of the employer or carrier and the employee in the cause of action, the factors enumerated in the Rules of Professional Conduct and the amount of work performed by each counsel, if represented by separate counsel. The fee must also “... relate to necessary services which actually benefitted or augmented recovery from the third person_” Denton v. Cormier, 556 So.2d 931 (La.App. 3rd Cir.1990).
As noted above, a one-third contingency fee contract was entered into between appellant and his attorney, Wm. Henry Sanders. We find this fee to be reasonable under the circumstances and thus find that the trial court abused its discretion in setting Taylor’s award from Aetna at $2,500.00.
Applying the Moody formula, we calculate Aetna’s share of attorney’s fees as follows:
$290,457.92 Total Judgment
-121,681.38 Amount of Aetna’s
Claim (including additional credits due)
$168,776.54 Net Judgment
X 33.33% Taylor’s attorney’s
contingent fee contract
$ 56,253.22 Taylor’s attorney’s fee
We note that the figure of $56,253.22 is not the actual amount Taylor’s attorney received in attorney’s fees. The record reflects that Sanders has already been compensated in the amount of $75,384.63 as his fee under the contingency fee arrangement. However, using the formula provided in Moody, we find that the figure of $56,253.22 is reasonable and should be used to determine Aetna’s share of attorney’s fees.
Further, we conclude that the amount of $56,253.22 should be further reduced to reflect the contribution made by Aetna’s attorney in the prosecution of this case. We find that Aetna should be credited with the sum of $7,500.00 to reflect Aetna’s attorney’s contribution in this case. Subtracting this credit from the one-third contingency fee contract and then multiplying that figure by Aetna’s share of recovery percentage results in the following figure:
$56,253.22 - $7,500.00 X .4189 = $20,422.72
*820 CONCLUSION
Aetna’s proportionate share of the costs of recovery amounts to $28,564.05, which is arrived at by adding Aetna’s share of litigation expenses, i.e., $8,141.33 to Aetna’s share of attorney’s fees which is $20,-422.72. Accordingly, we amend and recast the trial court’s judgment to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Ernest Taylor and against Aetna Casualty and Surety Company in the amount of $28,564.05, together with legal interest until paid. All costs of this appeal are taxed against Aetna Casualty and Surety Company.
AFFIRMED AS AMENDED.

. The legislature has since amended La.R.S. 23:1103, modifying the Moody decision. This amendment went into effect on January 1, 1990.

. As noted hereafter, the trial court erred in rendering judgment in favor of attorney Sanders. This brings into question the right of attorney Sanders to prosecute this appeal. We need express no opinion in this regard as Taylor’s appeal is sufficient to present all issues for review.

. We arrive at this figure by multiplying the figure of $13,061.71 by a 6% simple interest factor of 7 years which is 5.6989. $13,061.71 x 5.6989 = $74.437.37.