STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1346


CITY OF ALEXANDRIA

VERSUS

LAFAYETTE SURGICAL HOSPITAL, L.L.C., ET AL.


**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2005-5908
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********
**ELIZABETH A. PICKETT**
**JUDGE**
**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**

**Peters, J. dissents, and assigns written reasons.**


**Philip G. Hunter**
**Joseph Yuri Beck**
**Hunter & Morton**
**P. O. Box 11710**
**Alexandria, LA 71315-1710**
**Counsel for Plaintiff/Appellant:**
        **City of Alexandria**

**Louis C. LaCour Jr.**
**Raymond P. Ward**
**Adams & Reese**
**4500 One Shell Square**
**New Orleans, LA 70139**
**Counsel for Defendant/Appellee:**
        **Lafayette Surgical Hospital, L.L.C.**

**Marc W. Judice**
**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**Counsel for Defendants/Appellees:**
    **Dr. Chris Lawrence**
    **Dr. Stephen Salopek**
    **Dr. Patrick Juneau**

**Nicholas Gachassin Jr.**
**Danielle E. Dekerlegand**
**The Gachassin Law Firm**
**P. O. Box 80369**
**Lafayette, LA 70598-0369**
**Counsel for Defendant/Appellee:**
    **Lafayette General Medical Center, Inc.**

**Pickett, Judge.**

The plaintiff, the City of Alexandria, filed a petition for damages against the defendants, Lafayette Surgical Hospital, L.L.C., Lafayette General Medical Center, Dr. Patrick Juneau III, Dr. Christopher Lawrence, and Dr. Stephen Salopek, seeking to recover "additional" workers' compensation benefits it paid its employee, Mark Tigner, because of his delayed return to work due to the alleged medical malpractice of the defendants. In response to the suit, the defendants filed peremptory exceptions of no cause of action and no right of action and the dilatory exception of prematurity. The trial court, finding the petition stated a cause of action in medical malpractice, granted the dilatory exception of prematurity (the claim had not been presented to a medical review panel prior to the filing of suit in the district court) and dismissed the suit without prejudice and without ruling on the peremptory exceptions. This appeal followed. We affirm the judgment of the trial court.

**FACTS**

Mark Tigner was injured in the course and scope of his employment with the City of Alexandria on June 11, 2003. His injuries necessitated surgery, and on November 16, 2004, he underwent a L5/S1 microdiscectomy preformed by Dr. Patrick Juneau III at Lafayette Surgical Hospital (LSH). Mr. Tigner was discharged the following day but presented to the emergency department at Lafayette General Medical Center (LGMC) on November 26, 2004, complaining of drainage from his surgical incision. He was treated by Dr. Christopher Lawrence at LGMC, and follow up care was provided by Dr. Juneau.

On January 1, 2005, Mr. Tigner presented to the emergency room at Rapides

1

Regional Medical Center. He was admitted and treated for an epidural abscess in the area of his prior surgery. He was transferred back to LSH on January 4, 2005, where Dr. Juneau assumed his care. Dr. Juneau consulted with Dr. Stephen Salopek Jr. and Mr. Tigner was transferred back to LGMC where more definitive care was available. At LGMC, he was diagnosed with a staphylococcus infection of the original incision site, was treated for same, and remained hospitalized till January 20, 2005. He was discharged with orders to continue IV antibiotic therapy for at least eight more weeks.

The plaintiff alleges that the defendants deviated from the "accepted standards of medical practice required under the circumstances," and that those deviations caused the plaintiff to expend funds in the form of medical costs and workers' compensation benefits that it would not have otherwise been obligated to expend if Mr. Tigner's medical care had not been sub-standard and he had been able to return to work in a timely manner. The plaintiff alleges it was "forced" to file this action when it learned that Mr. Tigner had no intention of pursuing a medical malpractice claim. The trial court recognized that in order to prevail, the plaintiff would have to prove that Mr. Tigner's post-operative problems were due to malpractice and, thus, only considered the defendants' dilatory exception of prematurity. For the following reasons, we affirm the judgment of the trial court.

**LAW AND DISCUSSION**

The plaintiff points out that in the Louisiana Medical Malpractice Law(MML), La.R.S. 40:1299.41(A), defines "malpractice" as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient . . . ." and "patient" as "a natural person," and "tort" as "any breach of duty or any negligent act or omission

2

proximately causing injury or damage to another." The plaintiff argues that since it is not a "natural person" and was not the "patient," it should not be required to comply with the provisions of the MML. We disagree.

While it is true that in the case sub judice the plaintiff was not the patient, any right to recover from the defendants arose from its relationship with its employee, i.e., the plaintiff was/is Mr. Tigner's workers' compensation insurer. The patient, the plaintiff's employee, was allegedly injured by the defendants' alleged deviation from the applicable standards of medical care. Thus, in order to recover, the plaintiff must prove malpractice on the part of one or more of the defendants.

Louisiana Revised Statutes 23:1101 states in pertinent part:

> Employee and employer suits against third persons; effect on right to compensation
>
> . . . .
>
> B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. . . .
>
> C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.

In *Barreca v. Cobb*, 95-1651, p. 4 (La. 2/28/96), 668 So.2d 1129, 1131, the Louisiana Supreme Court pronounced:

> In *Moody v. Arabie*, 498 So.2d 1081 (La.1986), this court stated that when an employer pays worker's compensation to its employee who has been injured by the wrongful act of a third person, the employer and the employee become co-owners of a property right consisting of the right to recover damages from the third person.

And in *State Farm Mutual Automobile Insurance Co. v. Berthelot*, 98-1011, pp. 4,5

(La. 4/13/99), 732 So.2d 1230, 1233, the court explained further:

> La.Civ.Code art. 1825 explains that subrogation is the substitution of one person to the rights of another. When subrogation results from a person's performance of the obligation of another, that obligation subsists in favor of the person who performed it who may avail himself of the action and security of the original obligee. An original obligee who has been paid only in part may exercise his rights for the balance of the debt in preference to the new obligee. La.Civ.Code art. 1826.
>
> Subrogation is a legal fiction whereby payment by a third person, or from the original debtor with funds provided by a third person, extinguishes an obligation of the original creditor. The third person then steps into the shoes of the original creditor, acquiring the right to assert the actions and rights of the original creditor.

Louisiana Revised Statutes 40:1299.47 states in pertinent part:

> A. (1)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. . .
>
> (b) A request for review of a malpractice claim or a malpractice complaint shall contain, at a minimum, all of the following:
>
> (I) A request for the formation of a medical review panel.
>
> (ii) The name of the patient.
>
> (iii) The names of the claimants.
>
> (iv) The names of the defendant health care providers.
>
> (v) The dates of the alleged malpractice.
>
> (vi) A brief description of the alleged malpractice as to each named defendant health care provider.
>
> (vii) A brief description of the alleged injuries.

As can be seen from the foregoing, the claimant (§(b)(iii)) in a medical malpractice action need not be the patient (§(b)(ii)). In the case at bar, it just so happens that the City Of Alexandria/the plaintiff/ the claimant, stands in the place of the patient, its insured.

4

Accordingly, the plaintiff (claimant), must comply with the provisions of the Louisiana Medical Malpractice Law and must convene a medical review panel before it can file its claim in the district court.

Therefore, the ruling by the trial court was correct and its judgment is affirmed. All costs of this appeal are assessed to the plaintiff, the City of Alexandria.

**AFFIRMED.**

NUMBER 06-1346

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

CITY OF ALEXANDRIA

VERSUS

LAFAYETTE SURGICAL HOSPITAL, L.L.C., ET AL.

PETERS, J., dissenting.

I respectfully disagree with the majority opinion and would reverse the trial court's grant of the exception of prematurity and remand this matter to the trial court for further proceedings. There appears to be a conflict between the Louisiana Workers' Compensation Law, La.R.S. 23:1021 *et seq.*, and the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, *et seq.*: under the former an employer is statutorily granted a right to proceed against a third-party tortfeasor in district court, while under the latter a claimant must present a medical malpractice claim to a medical review panel before pursuing relief in district court. The majority reconciled this apparent conflict in favor of the medical malpractice act, but I would resolve it in favor of the workers' compensation law.

The right of the City of Alexandria (City) to proceed against the named medical providers in this litigation is clearly stated in La.R.S. 23:1101(B), a provision of the workers' compensation law:

> Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in *district court* against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has

paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the *district court* if agreed to by the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23:1102(A). (Emphasis added).[1]

The right of the employer to recover from a third person compensation benefits paid to an employee pursuant to the workers' compensation law is not limited to "any party who causes injury . . . at the time of [the employee's] employment," but also includes any party who causes injury to the employee "at any time thereafter." La.R.S. 23:1101(C). As pointed out by the majority, the supreme court has recognized that the paying employer acquires a co-ownership property right against a third-party tortfeasor. *Moody v. Arabie*, 498 So.2d 1081 (La.1986). Furthermore, "the workers' compensation law dispenses with the requirement of [the employee's] consent" to prosecute a suit against a third person to recover damages sustained by the employer. *Id.* at 1086.

Standing alone, La.R.S. 23:1101(B) provides the legislative authority for the City to enforce its property right in this litigation against the defendant health care providers. This is true despite the fact that Officer Tigner has chosen not to pursue any claim he may have against the defendants.

On the other hand, the medical malpractice act provides procedural protection to a health care provider who becomes involved in litigation arising from health care or professional services rendered to a patient. Were this a claim by Officer Tigner against the defendant health care providers, it would clearly be subject to the medical review panel requirements of La.R.S. 40:1299.47, which provides in pertinent part:

---

[1] I note that La.R.S. 23:1101(D), which was repealed by Acts 2005, No. 257, § 2, prohibited the employer's claim against the third party from being tried by jury. However, it did emphasize the requirement of La.R.S. 23:1101(B) that the matter be tried in district court.

2

A.  (1)(a)  All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. . . .

B.  (1)(a)(i)  No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.
. . . .

It is undisputed that the defendants are health care providers as defined in La.R.S. 40:1299.41(A)(1), that Officer Tigner was the defendants' patient as defined in La.R.S. 40:1299.41(A)(3), and that the alleged acts or omissions at issue fall within the definition of malpractice found in La.R.S. 40:1299.41(A)(8).  Thus, Officer Tigner could not bring suit as the claimant against the defendant health care providers without first submitting his claim or complaint to a medical review panel.

The question whether the medical malpractice act's procedural requirements should apply to a plaintiff proceeding under the worker's compensation law to recover compensation benefits from a healthcare provider is caused by the absence of a definition for the term "claimant" as used in La.R.S. 40:1299.47(B)(1)(a)(i).  The only corresponding terms defined in La.R.S. 40:1299.41 are that of "[p]atient" in La.R.S. 40:1299.41(A)(3) and "[r]epresentative" in La.R.S. 40:1299.41(A)(6).[2]  The former is defined as "a natural person" and the latter is defined as "the spouse, parent, guardian, trustee, attorney or other legal agent of the patient."  The City asserts that the medical malpractice act applies only to patients or their representatives and that the City does not fit within that definition.  On the other hand, the defendant health care providers argue that the use of the term "claimant" in La.R.S. 40:1299.47(B)(1)(a)(i) expands the medical review panel coverage to all claims

---

[2]"[C]laimant" is mentioned in La.R.S. 40:1299.41(E)(4), but not defined.

3

arising from the alleged malpractice, including third-party claims.

The legislature first enacted the medical malpractice law in 1975. One year later the legislature enacted the Louisiana Malpractice Liability for State Services Act, La.R.S. 40:1299.39 *et seq.*, which affords to public health care providers protection that had been provided to private public health providers in the medical malpractice act. This state services malpractice liability act also contains a definition section, La.R.S. 40:1299.39. That section defines "patient" as "a natural person who receives, or should have received, health care from a person covered by this Part *and any other natural person or persons* who would or may have a claim or claims for damages under applicable law arising out of, or directly related to, the claim or claims of the natural person who receives, or should have received, health care from a person covered by this Part." La.R.S. 40:1299.39(A)(3). (Emphasis added). Additionally, La.R.S. 40:1299.39(A)(5) defines "representative" extensively, but in such a manner that the City would not qualify. The state services malpractice law references and adopts the medical review panel requirements of La.R.S. 40:1299.47 in La.R.S. 40:1299.39.2. Thus, the legislature did not clarify the meaning of "claimant" in the latter legislation and we are left with the conflict now before us.

I recognize that the jurisprudence has reached what seems to be conflicting conclusions with regard to the issue, but I do not find any of the cited decisions to be applicable as this is the first decision that directly addresses the employer rights under La.R.S. 23:1101. By requiring that the City submit to a medical review panel, the majority is liberally construing legislation that should be strictly construed and strictly construing legislation that should be liberally construed. I would reach the opposite result.

4