PETERS, J.,
dissenting.
hi respectfully disagree with the majority opinion and would reverse the trial court’s grant of the exception of prematurity and remand this matter to the trial court for further proceedings. There appears to be a conflict between the Louisiana Workers’ Compensation Law, La.R.S. 23:1021 et seq., and the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq.: under the former an employer is statutorily granted a right to proceed against a third-party tortfeasor in district court, while under the latter a claimant must present a medical malpractice claim to a medical review panel before pursuing relief in district court. The majority reconciled this apparent conflict in favor of the medical malpractice act, but I would *1023 resolve it in favor of the workers’ compensation law.
The right of the City of Alexandria (City) to proceed against the named medical providers in this litigation is clearly stated in La.R.S. 23:1101(B), a provision of the workers’ compensation law:
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has |2paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the district court if agreed to by the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23:1102(A). (Emphasis added).[1]
The right of the employer to recover from a third person compensation benefits paid to an employee pursuant to the workers’ compensation law is not limited to “any party who causes injury ... at the time of [the employee’s] employment,” but also includes any party who causes injury to the employee “at any time thereafter.” La. R.S. 23:1101(C). As pointed out by the majority, the supreme court has recognized that the paying employer acquires a co-ownership property right against a third-party tortfeasor. Moody v. Arabie, 498 So.2d 1081 (La.1986). Furthermore, “the workers’ compensation law dispenses with the requirement of [the employee’s] consent” to prosecute a suit against a third person to recover damages sustained by the employer. Id. at 1086.
Standing alone, La.R.S. 23:1101(B) provides the legislative authority for the City to enforce its property right in this litigation against the defendant health care providers. This is true despite the fact that Officer Tigner has chosen not to pursue any claim he may have against the defendants.
On the other hand, the medical malpractice act provides procedural protection to a health care provider who becomes involved in litigation arising from health care or professional services rendered to a patient. Were this a claim by Officer Tigner against the defendant health care providers, it would clearly be subject to the medical review panel requirements of La. R.S. 40:1299.47, which provides in pertinent part:
|SA. (l)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section....
B. (l)(a)(i) No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.
[[Image here]]
*1024 It is undisputed that the defendants are health care providers as defined in La.R.S. 40:1299.41(A)(1), that Officer Tigner was the defendants’ patient as defined in La. R.S. 40:1299.41(A)(3), and that the alleged acts or omissions at issue fall within the definition of malpractice found in La.R.S. 40:1299.41(A)(8). Thus, Officer Tigner could not bring suit as the claimant against the defendant health care providers without first submitting his claim or complaint to a medical review panel.
The question whether the medical malpractice act’s procedural requirements should apply to a plaintiff proceeding under the worker’s compensation law to recover compensation benefits from a healthcare provider is caused by the absence of a definition for the term “claimant” as used in La.R.S. 40:1299.47(B)(l)(a)(i). The only corresponding terms defined in La.R.S. 40:1299.41 are that of “[p]atient” in La. R.S. 40:1299.41(A)(3) and “[rjepresenta-tive” in La.R.S. 40:1299.41(A)(6).[2] The former is defined as “a natural person” and the latter is defined as “the spouse, parent, guardian, trustee, attorney or other legal agent of the patient.” The City asserts that the medical malpractice act applies only to patients or their representatives and that the City does not fit within that definition. On the other hand, the defendant health care providers argue that the use of the term “claimant” in La.R.S. 40:1299.47(B)(l)(a)(i) expands the medical review panel coverage to all claims | ¿arising from the alleged malpractice, including third-party claims.
The legislature first enacted the medical malpractice law in 1975. One year later the legislature enacted the Louisiana Malpractice Liability for State Services Act, La. R.S. 40:1299.39 et seq., which affords to public health care providers protection that had been provided to private public health providers in the medical malpractice act. This state services malpractice liability act also contains a definition section, La.R.S. 40:1299.39. That section defines “patient” as “a natural person who receives, or should have received, health care from a person covered by this Part and any other natural person or persons who would or may have a claim or claims for damages under applicable law arising out of, or directly related to, the claim or claims of the natural person who receives, or should have received, health care from a person covered by this Part.” La.R.S. 40:1299.39(A)(3). (Emphasis added). Additionally, La.R.S. 40:1299.39(A)(5) defines “representative” extensively, but in such a manner that the City would not qualify. The state services malpractice law references and adopts the medical review panel requirements of La.R.S. 40:1299.47 in La. R.S. 40:1299.39.2. Thus, the legislature did not clarify the meaning of “claimant” in the latter legislation and we are left with the conflict now before us.
I recognize that the jurisprudence has reached what seems to be conflicting conclusions with regard to the issue, but I do not find any of the cited decisions to be applicable as this is the first decision that directly addresses the employer rights under La.R.S. 23:1101. By requiring that the City submit to a medical review panel, the majority is liberally construing legislation that should be strictly construed and strictly construing legislation that should be liberally construed. I would reach the opposite result.

. I note that La.R.S. 23:1101(D), which was repealed by Acts 2005, No. 257, § 2, prohibited the employer's claim against the third party from being tried by jury. However, it did emphasize the requirement of La.R.S. 23:1101(B) that the matter be tried in district court.

. "[CJlaimant” is mentioned in La.R.S. 40:1299.41(E)(4), but not defined.