590 So.2d 1318 (1991)
John Raymond THOMPSON
v.
GRAY & COMPANY, et al.
No. CA 90 1812.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Denis Gaubert, III, Gregg J. Graffagnino St. Martin, Lirette & Shea, Houma, for plaintiff John Raymond Thompson.
Philip E. Henderson, John F. Brou, Henderson, Hanemann & Morris, Houma, for defendant-appellant Gray & Co., Inc. and Danos & Curole Marine Cont., Inc.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
This appeal concerns a suit for attorney fees. The issue presented is whether the holding of Moody v. Arabie, 498 So.2d 1081 (La.1986), that the necessary and reasonable costs of recovery (including attorney fees) against a negligent third person should be apportioned between the injured employee and his employer (or worker's compensation carrier) according to their interests in the recovery, is applicable in cases where recovery is made without the filing of a suit.
The facts of this case are not in dispute. Plaintiff, John Raymond Thompson, was injured in a vehicular collision on May 1, *1319 1985, while in the course and scope of his employment with Danos & Curole Marine Contractors, Inc. Plaintiff's injuries included a herniated cervical disc, for which a discectomy and fusion surgery was performed in August, 1985. Consequently, plaintiff received worker's compensation benefits and medical expenses through Gray and Company, Inc., the managing underwriter for Danos & Curole's compensation carrier, North River Insurance Company.
The collision in question was caused solely by the fault of a third person, liability coverage for whom was provided by State Farm Mutual Automobile Insurance Company (State Farm). State Farm has never contested liability. On May 14, 1985, it paid Danos & Curole's claim for property damage to its vehicle. By letter dated May 27, 1985, Gray and Company notified Mr. Sonny LeBlanc, State Farm's claims representative, of its claim for reimbursement from any amount received by plaintiff. At approximately the same time, plaintiff retained his own counsel to pursue his claim against the negligent third party. On April 23, 1986, without suit being filed, State Farm paid its full $100,000.00 policy limits to settle this matter. Of this amount, Gray and Company received $23,217.32, which was full reimbursement for the compensation benefits and medical expenses it had paid, and plaintiff received the balance of $76,282.84. From this amount, plaintiff paid his attorney a fee of $22,000.00 and expenses of $35.00.
Thereafter, plaintiff filed this suit against defendants, Danos & Curole and Gray and Company, seeking a contribution of $5,114.32 as their proportionate share of these attorney fees and expenses.[1] Following a bench trial, the court awarded judgment as prayed for by plaintiff. Defendants have now appealed.
In rendering judgment for plaintiff, the trial court relied upon the authority of Moody v. Arabie and it progeny. Defendants argue this constituted error because Moody is limited to its own facts, which differ significantly from the facts in the instant case. We disagree with defendants' contention that Moody has no application to the present case.
In Moody an employee received worker's compensation benefits as a result of an injury he sustained during the course and scope of his employment. Because Moody's injury was caused by the negligence of a third party, Moody pursued a third party suit seeking damages from this person. The employer's compensation carrier intervened in this suit to recover the compensation benefits paid to Moody. After a jury trial, judgment was rendered in favor of Moody. The judgment recognized the right of the compensation carrier to be paid, in preference to Moody, out of the proceeds of the judgment. Subsequently, an issue arose as to whether the compensation carrier was obligated to pay a portion of the attorneys' fees owed to Moody's attorney from its share of the judgment. After noting that the workers' compensation law is silent on this issue[2], the Supreme Court concluded that the compensation carrier was obligated to pay a proportionate share of Moody's attorneys' fees based on the following rationale:
When an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from the third person. Since the Civil Code has not dealt in *1320 detail with co-ownership of single things, the task to construct a doctrine has fallen to the writers, using as help the statutory principles furnished by the titles on ownership, successions, and partnership contract. La.C.C. art. 480; Aubry & Rau, Property § 221, 329.
The interests of co-owners do not represent distinct material units. Therefore none of them can exercise without the consent of the other co-owners any physical or legal acts aimed at the whole or even the smallest specific portion of the thing, if such acts imply the present and direct exercise of ownership. Id. 331. No co-owner may cause any material changes, unless all the co-owners have consented, tacitly if necessary. Acts by a sole co-owner, if useful to all, are ratified as a defacto agency (negotiorum gestio). Id. Each co-owner may force the others to contribute to the costs of maintenance and conservation of the common thing in proportion to their interests; but they can acquit themselves of this duty by abandoning their co-ownership right. Id. 333, 338. Cf. Whatley v. McMillan, 152 La. 978, 94 So. 905 (1923); Scott v. Hunt Oil Co., 152 So.2d 599 (La.App. 2d Cir.1962); and Planiol, Treatise on the Civil Law, Vol. 1, Part 2, § 2512-13, 2523.

Applying this doctrine to the action and right against the third person, we conclude that, with respect to any cost necessary to the maintenance and conservation of the right, each co-owner is always obligated to contribute in proportion to his interest in the right, and that, with respect to any other litigation costs, each co-owner is responsible for his proportionate part of reasonable and necessary expenses and legal services that accrue to his benefit. [Footnote 1] Under the doctrine, each co-owner is liable for necessary maintenance and conservation costs, such as those involved in filing suit and interrupting prescription, regardless of whether he consented to them. Ordinarily he would not be bound for other litigation costs incurred without his consent, but the workers' compensation law dispenses with the requirement of his consent. The statute authorizes either the worker or the employer to affect and materially change the whole right by prosecuting a suit against the third person and by recovering for all damages sustained....
Under these principles the necessary and reasonable costs of recovery are to be apportioned between the worker and the employer according to their interest in the recovery. First the court must determine the employer's proportionate interest in the recovery by determining the ratio or percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery....
The costs of recovery are the necessary and reasonable expenditures and obligations, including those for attorneys' fees, incurred in effecting recovery ... To qualify as a reasonable and necessary cost of recovery, however, the fee must relate to necessary services which actually benefitted or augmented recovery from the third person, rather than duplicative services or those designed to benefit a single party such as the mere monitoring of proceedings.

Footnote 1: In a substantial majority of states, where a third party suit is brought or recovery effected by the employee, the employer or carrier is now obligated to pay a portion of the attorneys' fees out of his share. See Larson, Workers' Compensation, § 74.32(a) and authorities cited therein.
498 So.2d at 1085-87. Emphasis added.
Although Moody involved a third party suit, we believe the language and rationale of this case clearly indicates the same rule should apply with respect to attorneys' fees even where recovery is made without the filing of suit. At several places in Moody, beginning with the court's issue statement, the Supreme Court refers to situations where a third party suit is brought or recovery is effected by the injured employee, without making any distinction between these situations. This necessarily implies *1321 the Court saw no differentiation between these situations with respect to this rule.
Furthermore, the same rationale which compelled the Court's conclusion in Moody that the compensation carrier should pay a proportionate share of the attorneys' fees also applies to situations where the worker's attorney effects recovery without filing suit. In its most basic form, this rationale is that the compensation carrier, who is a co-owner with the employee of the right to recover damages from the negligent third party, should not be unjustly enriched at the expense of the employee when the efforts of the latter's attorney resulted in benefits accruing to the compensation carrier, especially where the carrier has tacitly consented to the acts of the employee's attorney.[3] Of course, the tacit consent in a case when suit has not been filed necessarily differs from that in Moody, which the Supreme Court noted occurred when the employee intervened in the employee's third party suit. However, tacit consent can be inferred from other actions or inaction of a party. For instance, we believe a compensation carrier may also be construed as tacitly consenting to all reasonable and necessary expenses, including legal fees of the employee's attorney, even in some instances where the compensation carrier retains its own attorney. This would occur in situations where essentially the only action the compensation carrier's attorney undertakes is to monitor the activities of the employee's attorney so that the carrier can either intervene in the employee's third party suit, if any is filed, or satisfy its lien out of the proceeds of any settlement reached by the employee. This is basically what occurred in the present case, as illustrated by a letter written from the defendants' attorney to plaintiff's attorney on January 20, 1986, providing, in part, as follows:
I represent Danos and Curole and Gray and Company in the above-captioned case. In reviewing this matter, it would seem that your client has a viable third party action against the driver of the other vehicle, which was involved in the accident of May 1, 1985. I would appreciate it if you would advise me as to the present status of your claim against that individual and her insurance carrier. If you have filed suit in this matter, I would appreciate it if you would furnish me with a copy of the same.

If you have settled this matter, or have no intention of filing suit, please let me know immediately so that I may take whatever action is necessary to protect my clients' interest in this regard. As you are aware, under the compensation statute, my clients have a priority lien for the compensation and medical expenses, which have been expended by them in this matter. We are interested in pursuing this matter against the tort feasor and trust that you will have no objections to our filing an intervention.

If there is anything that you need at this time, please let me know and I will do what I can to assist you. Emphasis added
In such situations, the compensation carrier is riding on the coattails of the employee no less than in a case where the carrier intervenes in the employee's suit and relies upon the latter's attorney to carry the case forward to recovery. In both cases, the compensation carrier has not contributed to the recovery obtained, but has nonetheless benefitted from the efforts of the employee's attorney.
For these reasons, we hold that even though a third party suit was not filed by the plaintiff in the present case, defendants are obligated under the rationale of Moody v. Arabie to pay a share of the attorneys' fees and expenses incurred by plaintiff in securing the settlement with the negligent third party in proportion to the defendants' interest in the recovery. To hold otherwise would establish an arbitrary distinction between cases where suit is filed and cases where recovery is made without a suit being *1322 filed. In the former cases, recovery of a proportionate share of attorneys' fees would be allowed, while it would be denied in the latter cases, even though the actions of the respective attorneys in both situations hypothetically could be the same but for the filing of a suit by the employee's attorney and the filing of an intervention by the compensation carrier's attorney in the former cases. For example, if an employee's attorney files a protective suit on the last day of the applicable prescriptive period but then settles the case the next day, recovery would be allowed, whereas if the same party had settled his claim the preceding day, before filing suit, recovery would be denied. We do not believe such a result, based upon an arbitrary distinction, can be supported under the rationale of Moody v. Arabie.
Accordingly, the judgment of the trial court ordering defendants to pay plaintiff $5,114.32, as their share of attorneys' fees and expenses is affirmed. Defendants-appellants are to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] Because the amount received by the worker's compensation carrier equaled 23.21% of the total settlement, plaintiff calculated that defendants' proportionate share should be this same percentage of the total amount paid in attorney fees and expenses, i.e., 23.21% of $22,035.00. See Moody v. Arabie, 498 So.2d at 1086.
[2] Subsequently, Act 454, § 4, of 1989, effective January 1, 1990, amended La.R.S. 23:1103 to provide, in pertinent part, as follows:

C. If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor's recovery for pre-judgment payments or pre-judgment damages.
[3] Of course, this rationale also applies in the reverse situation (i.e., if the compensation carrier effects recovery which benefits the employee), in which case the employee should pay a proportionate share of the carrier's attorneys' fees.