h SULLIVAN, Judge.
The issue presented by this appeal is whether an injured employee who settles his claim with a “third party” tortfeasor without filing suit has a cause of action to recover reasonable attorney fees and costs from the employer who seeks reimbursement for workers’ compensation and medical benefits previously paid. The trial court answered this question in the negative, granting the employer’s and the workers’ compensation insurer’s exception of no cause of action to the employee’s demand for apportionment of the costs of recoveiy. For the following reasons, we reverse and remand.
Facts and Procedural History
Eldridge Williams was injured in an automobile accident on February 15, 1994, when the vehicle in which he was a passenger was struck from behind by a vehicle driven by Pedro Salvatierra. At the time of the accident, Williams and his driver, |2Milton Alexander, were in the course and scope of their employment with SOLOCO, Inc. SOLOCO’s compensation carrier, The Gray Insurance Company (Gray), subsequently paid a total of $10,502.67 in indemnity and medical benefits on behalf of Williams, that amount including $688.00 for the cost of the insurer’s independent medical examination by Dr. Clifton Shepherd.
On February 3, 1995, SOLOCO and Gray filed suit against Salvatierra and his automobile insurer, State Farm Mutual Automobile Insurance Company (State Farm), to recover the full $10,502.67 expended on Williams’ compensation claim. On March 22, 1995, Williams filed an “Intervention in the Nature of a Coneursus” in the suit. This pleading alleged that, in January of 1995, Williams and State Farm agreed to settle the claim for $45,000.00 but that a dispute arose with Gray concerning the amount of its reimbursement. Williams deposited a cheek issued by State Farm, dated January 26, 1995, in the amount of $10,502.67 into the registry of the court and requested a contradictory hearing to reduce the amount of Gray’s compensation lien by reasonable attorney fees and by the cost of Dr. Shepherd’s examination.
SOLOCO and Gray filed an exception of no cause of action to Williams’ intervention, alleging that Williams was not entitled to the apportionment of attorney fees and costs under Moody v. Arabie, 498 So.2d 1081 (La.1986) because La.R.S. 23:1103(0, effective January 1, 1990, now requires that the employee file suit in which the employer intervenes before the employer is responsible for *911 such fees and costs. The trial court agreed with this position, granting the exception as to the so-called “Moody fees” but ruling that Gray was not entitled to reimbursement for the cost of Dr. Shepherd’s examination. The trial court ordered that the funds deposited with the court be released to SOLOCO and Gray, less the cost of the medical examination, and that Williams be taxed with all court costs. Williams appeals the dismissal of his intervention and the assessment of court costs to him.
| gOpinion
In Moody, 498 So.2d at 1085, the supreme court held that “[w]hen an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from the third person.” Relying on the principles of co-ownership, the supreme court concluded that the employer can be obligated to pay a proportionate share of the costs, including reasonable attorney fees, incurred by the employee in the maintenance and conservation of the property right to recover damages from the third person.
Moody arose in the context of an employer’s intervention in the employee’s tort suit. However, the first circuit applied the rationale of Moody to the situation in which the employee recovered from the tortfeasor without the filing of a suit. In Thompson v. Gray & Co., 590 So.2d 1318, 1321-22 (La.App. 1 Cir.1991), the court stated:
At several places in Moody, beginning with the court’s issue statement, the Supreme Court refers to situations where a third party suit is brought or recovery is effected by the injured employee, without any distinction between these situations. This necessarily implies the Court saw no' differentiation between these situations with respect to this rule.
Furthermore, the same rationale which compelled the Court’s conclusion in Moody that the compensation carrier should pay a proportionate share of the attorneys’ fees also applies to situations where the worker’s attorney effects recovery without filing suit. In its most basic form, this rationale is that the compensation carrier, who is a co-owner with the employee of the right to recover damages from the negligent third party, should not be unjustly enriched at the expense of the employee when the efforts of the latter’s attorney resulted in benefits accruing to the compensation carrier, especially where the carrier has tacitly consented to the acts of the employee’s attorney.
* * * * * *
In such situations, the compensation carrier is riding on the coattails of the employee no less than in a case where the carrier intervenes in the employee’s suit and relies upon the latter’s attorney to carry the case forward to recovery. In both cases, the compensation carrier has not contributed to the recovery obtained, but has nonetheless benefitted from the efforts of the employee’s attorney.
|4(Footnote omitted.)
The facts of Thompson arose before the effective date of La.R.S. 23:1103(C), which provides:
If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor’s recovery for pre-judgment payments or pre-judgment damages. The employee as intervenor shall not be responsible for the employer’s attorney fees attributable to post-judgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Paragraph A of this Section.
(Emphasis added.)
The trial court read this statute as an abrogation of the Moody decision. Accordingly, the trial court ruled that because Williams had not filed a suit in which his employer had intervened, he was not entitled to apportion his costs incurred in recovering *912 the settlement proceeds with SOLOCO and Gray. After considering the reasoning of the Moody decision, the language of the statute, and recent interpretations of Moody, we must respectfully disagree with the trial court’s conclusion that Moody has been legislatively overruled in its entirety and, therefore, should not be considered in deciding this case.
In Norris v. Goeders, 26,130 (La.App. 2 Cir. 3/10/95); 652 So.2d 144, writ denied, 95-933 (La. 6/2/95); 654 So.2d 1106, the court stated that La.R.S. 23:1103(C) must-be read in conjunction with Moody. We agree. Rather than “abrogating” Moody, the statute codifies Moody in part by recognizing the obligation to apportion the fees and costs of recovery (and, implicitly, Moody’s rationale that the employee and employer are eo-own-ers of the right to recover damages from a “third person”). Where it departs from Moody is in its “cap” on the amount of attorney fees that are recoverable. Language that Moody has been “legislatively overruled,” Broussard v. Lewis, 614 So.2d 260, 261 (La.App. 3 Cir.), writ denied, 616 So.2d 699 (La.1993), or |g“supplanted,” Cosse v. Allen-Bradley Co., 625 So.2d 486, 491 (La.1993), appears in discussions of the amount of attorney fees that are recoverable, not the obligation to apportion the fees.
Evidence of Moody’s continued influence is found in two recent supreme court decisions. In Barreca v. Cobb, 95-1651 (La. 2/28/96); 668 So.2d 1129, the supreme court for the first time applied the rationale of Moody outside the law of workers’ compensation, holding that a health insurer and its insured are co-owners of the right to recover medical expenses caused by the wrongful act of a third person. A footnote in Barreca states that “Moody was subsequently codified at La.R.S. 23:1103.” Id. at p. 1131.
Closer to the instant situation is the supreme court’s reliance on Moody to interpret La.R.S. 23:1103(0 in Hebert v. Jeffrey, 95-1851 (La. 4/8/96); 671 So.2d 904. In Hebert, the employer did intervene in the employee’s tort suit, but as the employee’s adversary. Because the tortfeasor in that case was the plaintiffs co-employee, the plaintiffs recovery in tort depended on proving that he was not in the course in scope of his employment at the time of the accident. The employer, however, sought to prove the opposite: to recover compensation benefits voluntarily paid, the employer sought to show that the plaintiff was covered by the compensation act. In holding that the employee/plaintiff could not recover a portion of his attorney fees in this situation, even though the employer did intervene, the court turned to the principles underlying the Moody decision:
“Implicit in the Moody v. Arabie holding is the concept that the intervenor who reaps the benefits of the plaintiffs attorney’s efforts, should bear its proportionate part of a reasonable attorney’s fee for those efforts.” Taylor v. Production Services, Inc., 600 So.2d 63, 67 (La.1992).
* * sfe * * *
In sum, the Moody principles are based on fairness and equity. The motivation behind Moody is “to correct an injustice whereby the Uinjured employee bore the full expense of tort recovery while the compensation carrier or its insured reaped the benefits.” Labiche v. Legal Security Life Insurance Co., 832 F.Supp. 175, 178 (E.D.La.1993), aff'd, 31 F.3d 350 [(5th Cir.1994)]. Although we were willing to extend Moody to subrogation in Barreca, we do not feel the same about extending Moody in this ease where the intervenor-employer is essentially an adversary of the plaintiff and plaintiff’s lawyer.
More specifically, this is not the traditional third party tort claim where plaintiff, seeking a full damages judgment, and his employer, seeking to recover compensation paid, join forces to recover from a stranger/tortfeasor.
Id. at 907. (Emphasis added.)
In Hebert, the court looked to the true alignment of the parties in the litigation, not simply their titles as “plaintiff’ or “inter-venor.” We must, therefore, disagree with SOLOCO’s and Gray’s argument that the obligation to apportion the fees and costs of litigation is “triggered” by the filing of a suit in which the employer or employee intervenes. The obligation arises when one co- *913 owner incurs expenses necessary for the maintenance and conservation of the property right; the employee and employer become co-owners of the property right to recover damages from a third person upon the employer’s payment of workers’ compensation benefits.
In our interpretation of La.R.S. 23:1103(0, the introductory language “[i]f either the employer or employee intervenes in the third party suit filed by the other” “triggers” the legislative “cap” on the fees owed by the intervenor and not the parties’ right to demand apportionment of the fees and costs of litigation. In other words, the legislature has provided procedural steps for the employer or employee to limit his exposure for such attorney fees: by intervening in the suit filed by the other, the employer or employee will only be responsible for reasonable attorney fees not to exceed “one third of the intervenor’s recovery for pre-judgment payments or prejudgment damages.” If the employee recovers damages before suit is filed, as in the |7case before us, then the Moody formula applies, without the legislative limit on the amount of attorney fees recoverable.
The Moody decision attempted to rectify an inequity that resulted from the compensation act’s silence on the question of who was to bear the costs of recovery in third party actions. The act is still silent concerning the situation before us today, that is, when recov-eiy of damages from a third party is made without the filing of a suit. In the face of this silence, we conclude that Williams’ intervention has stated a cause of action under Moody and Thompson, 590 So.2d 1318.
The case is remanded for apportionment of the fees and costs of litigation, in accordance with the guidelines of Moody and its progeny, including Taylor v. Production Services, Inc., 600 So.2d 63 (La.1992); Baton Rouge Home Health Care Corp. v. Lemoine, 93-1652 (La.App. 3 Cir. 6/1/94); 640 So.2d 797, writ denied, 94-1786 (La. 10/14/94); 643 So.2d 162; Norris, 652 So.2d 144; and Thompson, 590 So.2d 1318.
Williams also objects to being cast with court costs below. Because we are reversing the trial court judgment, costs of the trial court proceedings should be assessed by the trial judge on remand.
For the above reasons, the judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion. Costs of this appeal are assessed to appellees, SOLOCO, Inc. and The Gray Insurance Company.
REVERSED AND REMANDED.