J^FITZSIMMONS, Judge.
On December 4, 1996, plaintiff, Anthony Campo, was injured in an accident, In November of 1997, Mr. Campo’s employer, the City of Baton Rouge/Parish of East Baton Rouge (city/parish), filed suit to recover any workers’ compensation benefits or expenses paid to its employee, Mr. Campo, or to be paid in the future. On December 3, 1997, Mr. Campo sued the tortfeasor, Mr. Frank Goudeau, and his insurer in both Livingston and East Baton Rouge Parishes. Mr. Campo sued for his damages, which would include the damages covered by workers’ compensation. Eventually, the Livingston Parish suit was transferred to East Baton Rouge Parish and the three suits were consolidated.
A trial by jury was set for February 16, 2000. On January 19, 2000, the city/parish obtained from the defendants a stipulation that, as a result of the 1996 accident, the city/parish paid compensation benefits to Mr. Campo in the amount of $11,791.74. No agreement was reached on the issue of liability for the attendant injuries to Mr. Campo. Before the date set for trial, Mr. Campo agreed to a settlement of all claims. The settlement included reimbursement to the city/parish for the stipulated amount of $11,791.74. However, based on an alleged La.R.S. 23:1103 claim for attorney fees by Mr. Campo, the tort-feasor’s insurer deposited $3,926.65, approximately one-third of the city/parish’s recovery, into the registry of the court.[2] Subsequently, Mr. Campo filed a motion for attorney fees based on the principles of Moody v. Arabie, 498 So.2d 1081 (La.1986), as adopted and confirmed by La. R.S. 23:1103 C. The city/parish moved to consolidate the East Baton Rouge Campo *1133 suit with its suit and the Livingston Parish suit. After all suits were consolidated, the motion for Moody fees was set for a hearing.
After the hearing, the trial court found that the city/parish owed Mr. Campo reimbursement for a portion of his attorney fees. By judgment dated September 20, 2000, the trial court awarded Mr. Campo $1500 of the amount deposited in the registry | ¿of the court, returned the remainder to the city/parish, and held each party responsible for their own costs. The city/parish appealed. We affirm.
The city/parish alleges that La.R.S. 23:1103 C and Moody are not applicable to this suit. The city/parish argues that because it filed its own suit against the third party tortfeasor and his insurer, rather than an intervention, the city/parish is exempted from any responsibility for Mr. Campo’s attorney fees. We disagree.

LEGAL PRECEPTS

“When an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right ... to recover damages from the third person.” Moody v. Arabie, 498 So.2d at 1085. A party should not be unjustly enriched by work of another co-owner’s attorney. See Thompson v. Gray & Co., 590 So.2d 1318, 1321 (La.App. 1st Cir.1991). However, before a fee becomes subject to a Moody calculation, the underlying legal work “must relate to necessary services which actually benefited or augmented recovery from the third person, rather than duplica-tive services or those designed to benefit a single party....” Moody, 498 So.2d at 1086. Careful review by the trial court of “all relevant factors and circumstances” will provide a just basis for determination of the necessary costs and equalization between the parties. Moody, 498 So.2d at 1087.
By an amendment to La.R.S. 23:1103,[3] the legislature adopted the principles enunciated in Moody by the Louisiana Supreme Court. At the time of the instant case, Louisiana Revised Statutes 23:1103 C provided, in pertinent part, that “[I]f either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff.”
Notwithstanding the statutory enactment, the supreme court has continued to cite and rely on the Moody analysis and doctrine, in conjunction with La.R.S. 23:1103. See Degruise v. Houma Courier Newspaper Corporation, 95-1863, 95-2675, pp. 11-13 (La.11/25/96), 683 So.2d 689, 695-96; Hebert v. Jeffrey, 95-1851, pp. 5-6 (La.4/8/96), 671 So.2d 904, 907. The enactment of La.R.S. 23:1103 C, governing the proration of legal fees only between a plaintiff and an intervenor, did not divest other co-owners of their shared property right of recovery or void their obligations for costs. Thus, when the facts of a particular case do not fit within the parameters of the statute, reference to Moody, and its progeny, provides a basis for a reasoned resolution. See Degruise, 95-1863 at pp. 11-13, 683 So.2d at 695-96; Hebert v. Jeffrey, 95-1851 at pp. 4-5, 671 So.2d at 907; Gray Insurance Company v. Salvatierra, 96-210 (La.App. 3 Cir. 8/14/96), 679 So.2d 909, 912, writ denied, 96-2282 (La.11/22/96), 683 So.2d 288. Regrettably, this fact intensive review required by Moody does not foster predictability in the law.
On appeal of these issues, the party alleging error has the burden to *1134 show it on the record and that it was prejudicial to his case. L & A Contracting Company, Inc. v. Ram Industrial Coatings, Inc., 99-0354, p. 19 (La.App. 1 Cir. 6/23/00), 762 So.2d 1223, 1234, writ denied, 2000-2232 (La.11/13/00), 775 So.2d 438. Additionally, an award of attorney fees will not be disturbed in the absence of an abuse of discretion. L & A Contracting Company, Inc., 99-0354 at p. 25, 762 So.2d at 1237, quoting Ardoin v. State, Department of Transportation & Development, 96-63, p. 22 (La.App. 3 Cir. 8/14/96), 679 So.2d 928, 941, writ denied, 96-2280 (La.11/15/96), 682 So.2d 775.

EFFECT OF FILING A SEPARATE SUIT

Here, the city/parish did not intervene, but filed its own suit. Subsequently, the city/parish moved for consolidation of the East Baton Rouge Parish Campo suit with the city/parish suit. As this particular factual situation is not addressed by the statutory law, we will consider the principles enunciated in Moody.
After reviewing the record before us, and considering the reasoning of Moody, we see no basis to exempt automatically the city/parish from its obligation to pay a proportionate share of legal fees directed toward the common recovery. To hold otherwise, would void the obligation of a co-owner based only on a choice of a procedural vehicle. See Thompson, 590 So.2d at 1321-22. Under Moody, the ^responsibility for one’s proportionate share, be it owed by the employee or employer, is not triggered by filing an intervention. Instead, it springs from the joining of the parties in the ownership of a common goal, the property right of recovery from the third party. The court must look to “the true alignment of the parties in the litigation,” and not rely only on the titles of “plaintiff’ or “intervenor.” Gray Insurance Company, 96-210 at p. 6, 679 So.2d at 912; see Thompson, 590 So.2d at 1321-22.
The plaintiffs in these particular suits were joined in the pursuit of a common right of recovery from a third party, before and after consolidation. Recovery by one would affect recovery by the other. See La.R.S. 23:1101-1103. Therefore, we find that the filing of a separate suit did not operate as an automatic exemption from consideration of whether a Moody fee was owed under the particular facts.

TO WHOSE BENEFIT?

As another basis for reversal, the city/parish argues that the work done by Campo counsel did not benefit the city/parish. However, the definitive issue is not whether the work done by the Cam-po counsel specifically benefited the city/parish. The correct inquiry is whether the legal work underlying the claimed fees benefited or augmented the common right of recovery from a third party. In rebuttal, the opponent to the motion may show that the work was merely duplicative or beneficial only to one party. See La. R.S. 23:1103 C; Moody, 498 So.2d at 1086-87; Thompson, 590 So.2d at 1321.
The record before us does not contain the transcript of the Moody fee hearing, or any detail of the services or cost of either plaintiffs counsel’s legal work. However, in its oral reasons, the trial court initially noted certain legal work done by each plaintiffs counsel, but stated that the city/parish had not fully cooperated in providing to Mr. Campo wage loss information necessary to the pursuit of the recovery. That failure required additional work by the Campo counsel necessary for recovery. Finally, the trial court found that the settlement benefited both parties.
Impliedly, the oral reasons evince the trial court’s belief that Mr. Campo and his counsel had more to do with the final *1135 recovery than did the city/parish, and that the Campo legal work benefited the common right of recovery. In its judgment, the trial |7court awarded $1500 to Mr. Campo and his attorney based on the court’s oral reasons, written memoranda, submitted exhibits, and the argument of counsel.
The city/parish does not argue to this court that the efforts of the Campo counsel were directed toward a goal other than recovery of the co-owned right. Nor does the city/parish attack any specific calculation of fees or the exact amount set by the trial court. Rather, the city/parish essentially argues that the Campo legal work toward recovery of the co-owned right, and Mr. Campo’s agreement to settle, did not save the city/parish any time or money. The city/parish, however, provided woefully insufficient evidence in the record that the legal work underlying the award of Moody fees was merely duplica-tive or only beneficial to one party. Thus, based on this particular record of these consolidated cases, we cannot say that the trial court abused its discretion or committed reversible error in its award of legal fees.
For these reasons, we affirm the judgment of the trial court. The costs of the consolidated appeal, $2,071.66, are assessed to plaintiff-appellant, the City of Baton Rouge/Parish of East Baton Rouge.
AFFIRMED.

. The award of the legal fees when a party intervenes is capped at one-third of the inter-venor's recovery. La.R.S. 23:1103 C.

. Acts 1989, No. 454, § 4.