HIGGINBOTHAM, J.
|aThe issues presented by these consolidated matters are whether the trial court erred when it (1) awarded the employer reimbursement for paid workers’ compensation and medical benefits that included an award for the injured employee’s property damages, and (2) failed to award the injured employee reasonable attorney fees. For the following reasons, we affirm in part and reverse in part, and remand the matter to the trial court for further proceedings.
*496 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The underlying facts are undisputed. On January 15, 2010, Patricia Mayfield was operating her school bus within the course and scope of her employment for the St. Tammany Parish School Board (“School Board”) when she was injured in an accident caused by William Bullinger. As a result of the accident, Mayfield underwent continuous medical treatment for two years that included two shoulder surgeries and required her to miss work, before she was able to return to work on January 12, 2010. In addition to May-field’s medical expenses and lost wages, the damage to Mayfield’s school bus rendered it a total loss, amounting to a property damage claim of $33,000.00.
As Mayfield’s employer, the School Board paid workers’ compensation benefits to and on behalf of Mayfield, including medical expenses pursuant to a medical fee schedule equaling $106,021.55, and indemnity benefits in the amount of $36,343.17. On January 11, 2011, the School Board filed a petition for damages against Bul-linger and his insurer, Allstate Insurance Company, asserting a claim for reimbursement of the workers’ compensation payments made to or on behalf of Mayfield.[1] A few days later on January 14, 2011, Mayfield filed a separate petition for damages against Bullinger and Allstate, asserting claims for personal | ¿injury, property damage, medical expenses, and lost wages.[2] By consent of all the parties, and an order signed by the trial court, the two lawsuits were consolidated into the earlier filed suit on May 31, 2011. Mayfield was subsequently granted leave of court to file a supplemental and amending petition to add her liability and uninsured/underin-sured motorist (UM) provider, Progressive Gulf Insurance Company, as a defendant.[3]
At the time of the accident, Bullinger had in effect a single limits liability policy through Allstate, with liability coverage in the amount of $50,000.00. On October 18, 2011, Allstate and Bullinger deposited $53,473.97 into an interest bearing account in the registry of the court. The deposited sum represented Allstate’s entire liability policy limit of $50,000.00, plus accumulated interest as of the date of the deposit. The School Board and Mayfield filed cross-motions for summary judgment, each seeking an award of all monies deposited in the registry of the court, with Mayfield also seeking attorney fees and costs. Finding that summary judgment was procedurally improper, the trial court denied the summary judgments, and a bench trial on the merits was held on December 4, 2013.
The trial court took the matter under advisement and rendered a final judgment in favor of Mayfield and the School Board on March 24, 2014. The trial court awarded Mayfield $150,000.00 for general damages, $18,171.85 for lost wages, $39,123.21 for past medical expenses, and $33,000.00 for property damage. The trial court awarded the School Board reimbursement for paid workers’ compensation indemnity benefits in the amount of $36,343.71, and medical benefits in the amount of *497 $106,021.55. The trial court further awarded the entire | .¡amount of the funds from Allstate’s policy limits to be disbursed to the School Board in partial satisfaction of the judgment and in preference over Mayfield’s award. The trial court’s judgment was silent regarding attorney fees. Mayfield appeals, seeking an award for her property damages from Allstate’s funds deposited into the registry of the court, as well as an award for her attorney fees.
DISCUSSION
When an employer pays compensation to its employee who has been injured by the wrongful act of a third party, the employer and the employee become co-owners of a property right to recover damages from the third party. Moody v. Arabie, 498 So.2d 1081, 1085 (La.1986).[4] The rights against third parties are set forth in Part I, Subpart E of Louisiana’s workers’ compensation law. See La. R.S. 23:1101 et seq. Louisiana Revised Statutes 23:1103 specifically applies to those cases that are actually tried to judgment and where damages are recovered, as in the case sub judice. See City of DeQuincy v. Henry, 2010-0070 (La.3/15/11), 62 So.3d 43, 48.
Initially, we note that the issues before us involve statutory interpretation, which is a question of law. Appellate courts review a trial court’s conclusion regarding a question of law by determining whether the conclusion is legally correct. Forum for Equality PAC v. McKeithen, 2004-2477 (La.1/19/05), 893 So.2d 715, 723. If the conclusions are found to be incorrect, the flawed legal conclusions must be reviewed de novo. Id. Accordingly, our standard of review as to the proper interpretation of a statute is de novo, without deference to the legal conclusions of the trial court. See Cleco Evangeline, LLC v. Louisiana Tax Com’n, 2001-2162 (La.4/3/02), 813 So.2d 351, 353.
IfiThe fundamental question in all cases of statutory interpretation is legislative intent. SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695 (La.6/29/01), 808 So.2d 294, 302. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law. Id. Further, it is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were employed. Sultana Corp. v. Jewelers Mut. Ins. Co., 2003-0360 (La.12/3/03), 860 So.2d 1112, 1119.
In addition to judicial principles guiding our determination of legislative intent, the legislature has enacted rules for the construction of statutes. City of DeQuincy, 62 So.3d at 46. “Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases ... shall be construed and understood according to such peculiar and appropriate meaning.” La. R.S. 1:3. The interpretation of a statute begins with the language of the statute itself. Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners, 2004-1674 (La.2/4/05), 894 So.2d 325, 330. Louisiana Civil Code article 9 instructs that *498 when a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written without a search into the intent of the legislature. La. C.C. art. 9; Denham Springs, 894 So.2d at 330-31.
With these rules in mind, we consider the pertinent statute at issue. Louisiana Revised Statutes 23:1103 provides, in pertinent part:
A. (1) In the event that the employer or the employee ... becomes party plaintiff in a suit against a third person, ... and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employée ...; and if |7the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee ...
[[Image here]]
B. The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
C.(1) If either the employer or employee intervenes in the third party suit filed by the other, the interve-nor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the intervenor’s recovery for prejudgment payments or prejudgment damages. The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party.... Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff. The pro rata share of the intervenor’s costs shall be based on intervenor’s recovery of prejudgment payments or prejudgment damages.
[[Image here]]
(Emphasis added.)
It is our opinion that La. R.S. 23:1103 unambiguously and unmistakably provides that wherever an injured employee who is entitled to workers’ compensation also seeks recovery against the third-party tortfeasor, the employer may seek recovery against the third-party tortfeasor as well, and the employer is entitled to recover each dollar it paid in workers’ compensation benefits prior to the injured employee recovering from the third-party tortfeasor or his insurer.[5] The employer *499 is entitled to reimbursement for all amounts it actually paid to the injured employee. See Billeaud v. U.S. Fidelity & Guaranty Co., 349 So.2d 1379, 1384 |s(La.App. 3d Cir.1977). There- can be no misunderstanding of the statutory language at issue. If the entire recovery in tort is necessary to reimburse the employer for compensation, then there is nothing left for the employee out of the recovery in tort. See Todd-Johnson Dry Docks, Inc. v. City of New Orleans, 55 So.2d 650, 654 (La.App.Orleans 1951). Further, if an employer may intervene as it sees fit, then obviously the employer may permit the employee to recover in damages from the third-party tortfeasor and then in a separate suit the employer may also recover from the same third-party tortfeasor for the amount the employer may have been liable for in workers’ compensation. Id.
Additionally, contrary to May-field’s argument, the statutory language in La. R.S. 23:1103(B) clearly evidences the intent of the legislature to require that employers receive a credit for the entire amount of the judgment up to the amount the employer actually paid to or on behalf of the employee, “without regard to how the damages have been itemized or classified by the judge.” See La. R.S. 23:1103(B). See also City of DeQuincy, 62 So.3d at 51. Therefore, regardless of whether the judgment includes awards for damages other than medical expenses and lost wages — such as property damages- — ■ the employer’s claim takes precedence over that of the employee, such that the employer is entitled to receive credit from the first dollar of the judgment no matter how the damages are classified in the judgment. The statute does not limit the employer’s first dollar of recovery as May-field suggests to that which is paid after the injured employee is paid for property damage.
The amount of the workers’ compensation medical and indemnity benefits paid by the School Board to Mayfield in this case greatly exceeds the amount deposited in the registry of the court by the third-party tortfeasor. Thus, the School Board is entitled to the entirety of the deposited proceeds as a matter of law. Accordingly, we find no merit to Mayfield’s assertion that the School Board can l9only recover its proceeds after Mayfield recovers her property damages. The law is clear that the School Board is entitled to all of the proceeds as awarded by the trial court. That portion of the trial court judgment is affirmed.
However, we agree with May-field’s assertion that she is potentially entitled to recover reasonable attorney fees. The trial court’s judgment is silent as to the question of Mayfield’s claim for attorney fees. When a judgment is silent regarding a request for attorney fees, it must be construed as a denial of that request. Gibson & Associates, Inc. v. State, Dept. of Transp. & Development, 2010-1696 (La.App. 1st Cir.5/18/11), 68 So.3d 1128, 1141. Nevertheless, reasonable attorney fees are generally owed when a suit filed by the employer is consolidated with the suit filed by the employee. See City of Baton Rouge v. Goudeau, 2000-2440 (La.App. 1st Cir.12/28/01), 803 So.2d 1130, 1133-34. See also La. R.S. 23:1103(0(1).
We find no merit to the School Board’s argument that attorney fees are not applicable in this suit because it filed *500 its own suit against the third-party tortfea-sor and his insurer rather than an intervention in Mayfield’s lawsuit. See City of Baton Rouge, 803 So.2d at 1134. All parties joined together to have the School Board’s suit consolidated with Mayfield’s suit. Under the Moody doctrine, the responsibility for the proportionate sharing of legal fees springs from the joining of the parties in ownership of a common goal, which is the right to recover from the third-party tortfeasor. See Moody, 498 So.2d at 1085. See also City of Baton Rouge, 803 So.2d at 1134. The School Board and Mayfield were joined in the pursuit of a common right of recovery from a third-party tortfeasor, both before and after the consolidation of their lawsuits. Therefore, we see no reason to automatically exempt the School Board from its obligation to pay a proportionate share of reasonable legal fees directed toward the common recovery. See City of Baton Rouge, 803 So.2d at 1134.
| inWhen an injured employee prosecutes a case to judgment, she will be owed costs and attorney fees pursuant to La. R.S. 23:1103(C)(1), capped at k combined ratio of one-third. These fees are commonly referred to as ‘Moody fees.” In Moody, the Supreme Court held that as co-owners of a cause of action against the third-party tortfeasor, the employer and the injured employee are each obligated to contribute proportionately to the maintenance and conservation of the right to recover damages from the third-party tort-feasor. Moody, 498 So.2d at 1085. The principle of co-ownership or true alignment of the parties against a common third-party tortfeasor is essential to a Moody fee claim. That is the situation in this case; therefore, Mayfield is correct that she is potentially entitled to recover attorney fees in this case and the trial court erred in denying that claim.
However, an injured employee seeking to recover attorney fees must introduce evidence sufficient to enable the trial court to make a proper apportionment. See Rivet v. LeBlanc, 600 So.2d 1358, 1363 (La.App. 1st Cir.), writ denied, 605 So.2d 1115 (La.1992). The injured employee may introduce this evidence at the trial on the merits or at a post-judgment hearing on the issue. See Id. See also Thomas v. Hartford Ins. Co., 540 So.2d 1068, 1081 (La.App. 1st Cir.), writ denied, 542 So.2d 516 (La.1989), overruled on other grounds, Cosse v. Allen-Bradley Co., 625 So.2d 486, 488-89 (La.1993).
The record before us does not contain evidence of any detail of the services of either the School Board’s or May-field’s counsels’ legal work, except for two attachments to Mayfield’s cross-motion for summary judgment consisting of May-field’s attorney/client contract and a statement from Mayfield’s attorney outlining some expenses that had been incurred. The attorney fees awarded in this case “must relate to necessary services which actually benefitted or augmented recovery” from the third-party tortfeasor. See Moody, 498 So.2d at 1086. Additionally, in determining what constitutes a “reasonable” attorney fee, the court |nin Moody stated that courts must follow the guidelines of the Code of Professional Responsibility. Id. Further, the plain language of La. R.S. 23:1103(C)(1) mandates that attorney fees “shall” be determined by the trial court “based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party.” Since the record lacks the evidence necessary to calculate attorney fees, we must remand this case to the trial court for a post-judgment hearing on the appropriate and reasonable amount of attorney fees that are owed, if any.[6]
*501 CONCLUSION
For the outlined reasons, the trial court’s judgment is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings in accordance with the views expressed herein. The costs of this appeal in the amount of $1,442.99 are equally assessed to Patricia Mayfield and the St. Tammany Parish School Board.
MOTION TO ATTACH EXHIBIT TO BRIEF DENIED; TRIAL COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED FOR FURTHER PROCEEDINGS.
McCLENDON, J., concurs and assigns reasons.

. The case was captioned St. Tammany Parish School Board v. William Bullinger and Allstate Insurance Company, Case No. 2011-10223, Division "H”, 22nd Judicial District Court for the Parish of St. Tammany.

. The suit was captioned Patricia Mayfield v. William Bullinger and Allstate Insurance Company, Case No. 2011-10314, Division "I", 22nd Judicial District Court for the Parish of St. Tammany.

.Progressive was later dismissed on December 13, 2012, pursuant to a joint motion and stipulation regarding the tender of Progressive’s UM policy limits. Progressive’s liability is not at issue in this appeal.

. The Moody doctrine was legislatively modified and written into the workers' compensation law in La. R.S. 23:1103(C), effective January 1, 1990, leaving in place the basic premise of co-ownership of a common right where the employer and employee each take an active role in recovery of damages from the third-party tortfeasor.

. Mayfield filed a motion in this court to attach legislative committee minutes as an exhibit to her brief. That motion was referred to the merits of this appeal. Because we find the statute at issue is unambiguous, there is no need to look to commentary of legislative committee proceedings or journals of the legislature to help determine the purpose and intent behind the law. For this reason, as well as the fact that courts may take judicial notice of public records such as legislative minutes and journals, we deny *499 Mayfield's pending motion. See Louisiana . Public Facilities Auth. v. All Taxpayers, 2003-2738 (La.App. 1st Cir. 12/23/03), 868 So.2d 124, 131, writ denied, 2004-0213 (La.3/11/04), 869 So.2d 801.

. We are well aware of the statutory and jurisprudential rule that attorney fees must be specifically alleged in the pleadings; however we do not think this rule applies to the injured employee’s recovery of litigation costs, including attorney’s fees, sanctioned by Moody. See Denton v. Cormier, 556 So.2d 931, 934-35 (La.App. 3d Cir.1990). The Supreme Court’s appareñt purpose in Moody was not so much to create a cause of action for special damages, as it was to provide a means whereby the costs of recovery could be equitably allocated. Since the holding in Moody really affects the disbursement of the proceeds of a judgment, we find that the injured employee can properly seek to have the trial court apportion the costs of recovery through a post-judgment rule or motion. Id., 556 So.2d at 935.