L GREMILLION, Judge.
The plaintiff-in-intervention, Eagle Pacific Insurance Company, appeals the judgment of the trial court stating that its claims against the defendants-in-intervention are dismissed with full prejudice. For the following reasons, we reverse and remand for farther proceedings.
FACTS
On June 6, 1998, the plaintiff, Ferrell Lavergne, suffered a work-related injury when the tank he was sandblasting started rolling. Thereafter, he filed suit against Quality Fabricators of Eunice, Inc. and its insurer, Clarendon America Insurance Company, for its failure to properly secure the tank to its trailer. Eagle Pacific intervened in the suit against Quality and Clarendon seeking the recovery of workers’ compensation and medical benefits paid to Lavergne.
On September 9 and 10, 2001, the parties stipulated to the following:
1.
Ferrell Lavergne claims that he was injured on June 6,1998.
2.
At the time of the accident, Ferrell Lavergne was an employee of L & L *1178 Sandblasting and was in the course and scope of his employment.
3.
At the time of the accident, L & L Sandblasting was insured under a policy of workers’ compensation insurance with Eagle Pacific Insurance Company.
4.
As a result of the claimed accident, Eagle Pacific Insurance Company has paid and continues to pay workers’ compensation indemnity benefits, such payments totaling $48,523.79 as of July 26, |92001.
5.
As a result of the claimed accident, Eagle Pacific Insurance Company has paid all medical treatment of plaintiff, such payments totaling $86,382.11.
6.
By virtue of the payments made, Eagle Pacific Insurance Company has a valid and enforceable lien upon the proceeds of any settlement or judgment in favor of plaintiff and has a preferential right of recovery.
7.
By signing below, the parties agree that these stipulations shall be admitted into the record of this suit and shall be deemed good and sufficient evidence of all facts recited herein. The parties also agree that Eagle will be allowed to submit at trial without objection an updated payment register to reflect payments made after July 26, 2001 through trial.
The matter proceeded to trial, with the question of liability to be decided by a jury, and the intervention to be decided by a bench trial. Counsel for Eagle Pacific was not present at the trial. After the matter was submitted to the jury, Lav-ergne reached a settlement agreement with Quality and Clarendon. The agreement, entitled a high/low agreement, provided that, in the event of a jury award of less than $25,000, Quality and Clarendon would pay Lavergne the sum of $25,000 plus judicial interest. If the jury awarded him more than $300,000, then Lavergne would not enforce judgment in excess of that amount, plus judicial interest. In exchange for this agreement, the parties agreed that there would be no post-trial motions or appeals filed by the parties. After the jury returned with a verdict, it found that Quality was not at fault in causing Lavergne’s work-related accident. On ^December 11, 2001, a final judgment was rendered by the trial court in favor of Quality and Clarendon and against Lav-ergne and Eagle Pacific dismissing all of their claims against them with full prejudice. This appeal by Eagle Pacific followed.
ISSUE
On appeal, Eagle Pacific argues that the trial court erred in dismissing all of its claims against Quality and Clarendon with full prejudice, instead of specifying that it was without prejudice as to its reimbursement claim, pursuant to La.R.S. 23:1102(0. We agree.
COMPROMISE
After considering the high/low agreement, we find that it does constitute a compromise between the parties. Pursuant to La.Civ.Code art. 3071, a compromise *1179 is an “agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining,, balanced by the danger of losing.” In this case, an agreement was reached between Lavergne and Quality, whereby they agreed to a high and low cap on the amount he would recover, contingent on the jury’s award, which agreement would put an end to the lawsuit between them. Since this agreement was recited- in open court, we find that it was a valid compromise.
- Additionally, La.R.S. 23:1102(0(1) provides:
When a suit has been filed against a third party defendant in which the' employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits |4out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this section. Notwithstanding such payments, all rights of the employer or his insurer to assert the defense provided herein against the employee’s claim of future compensation or medical benefits shall be reserved.
Thus', we find that Eagle Pacific’s right of reimbursement against Quality and Clarendon via its intervention continues since Lavergne failed to obtain written approval of the compromise and has failed to reimburse it for the compensation benefits he had received prior to the institution of this suit. Although the compromise has ended the suit between Lavergne and the two defendants, Eagle Pacific’s intervention is still viable. We further find that it is not required to file another suit in order to pursue its claim. Accordingly, we find that trial court incorrectly held that all of Eagle Pacific’s claims against Quality and Clarendon were dismissed with full prejudice.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed insofar as it dismisses the claims of Eagle Pacific Insurance Company against the defendants-in-intervention, Quality Fabricators of Eunice, Inc. and Clarendon America Insurance Company. The costs of this matter are assessed to the defendants-in-intervention.
REVERSED IN PART AND REMANDED.