# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-1414

DOYLE OLIVER, ET UX.

VERSUS

TOKIO MARINE AND NICHIDO FIRE INS. CO., LTD, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-83090, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


Eric J. Waltner
Allen & Gooch, A Law Corporation
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70508
(337) 291-1000
COUNSEL FOR INTERVENORS/APPELLANTS:
    LOCA Insurance Fund
    Quality Transport, Inc.

**Edwin Dunahoe**
**Dunahoe Law Firm**
**P. O. Box 607**
**Natchitoches, LA 71458-0607**
**(318) 352-1999**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Doyle Oliver**
    **Faye Oliver**


**Steven D. Crews**
**Corkern, Crews & Guillet, L.L.C.**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Tokio Marine and Nichido Fire Insurance Co., Ltd.**
    **Abrasive Products and Equipment, LP**
    **Brody Breaux**

**PICKETT, Judge.**

Intervening employer appeals the trial court's holding that its intervention recovery was subject to Moody fees,[1] although the employer did not consent to the settlement of the plaintiff's claims. For the following reasons, we affirm.

**FACTS**

Dwayne Oliver[2] filed a tort suit against Tokio Marine & Nichido Fire Insurance Co., Ltd., Abrasive Products & Equipment, LP, and Brody Breaux (jointly hereinafter referenced as "Tokio") to recover damages for personal injuries and other losses he sustained in an automobile accident which occurred while he was in the course and scope of his employment with Quality Transport, Inc. (Quality). Quality and its workers' compensation insurer, LOCA Insurance Fund (LOCA), intervened into this lawsuit to recover all workers' compensation benefits paid to Mr. Oliver. The intervention sought to recover the $102,607.95 in workers' compensation benefits paid to Mr. Oliver plus legal interest and court costs.

Shortly before trial, Mr. Oliver and Tokio entered into settlement negotiations. Mr. Oliver asked Quality and LOCA to consent to the settlement; they refused. Thereafter, Mr. Oliver settled his lawsuit for $850,000.00 without Quality and LOCA's consent. Upon receipt of the settlement funds, he deposited $110,948.66, representing the workers' compensation benefits LOCA paid and legal interest thereon from the date the Intervention was filed, into the registry of the court.

---

[1] Pursuant to La.R.S. 23:1102-1103, employers and workers' compensation insurers are responsible for a proportionate share of an employee's reasonable legal fees and costs incurred to recover damages they suffered from a third party. These fees are commonly known as "Moody" fees. *See Moody v. Arabie*, 498 So.2d 1081 (La.1986).

[2] Mr. Oliver and his wife filed suit. The parties, however, reference only Mr. Oliver herein, presumably because he is the workers' compensation claimant; we do likewise.

Disputing that Mr. Oliver could settle his claims without their consent, Quality and LOCA filed a Motion for Reimbursement and Other Appropriate Relief, seeking reimbursement of 100% of the workers' compensation benefits paid to him with legal interest thereon and a judgment holding that (1) Mr. Oliver forfeited his potential entitlement to future benefits, subject to a buy back as provided in La.R.S. 23:1102 and (2) they are entitled to a credit if Mr. Oliver exercises his buy-back option.

Tokio filed a Rule to Show Cause to set a hearing on the Motion for Reimbursement. After considering the parties' arguments, the trial court determined that Quality and LOCA were entitled to recover $102,607.95, together with legal interest from the date of intervention, which was fixed at $5,390.78, for a total of $107,998.73. The trial court awarded Mr. Oliver's attorney $35,999.57, or 1/3 of the total principal and interest on the Intervention, in attorney fees and ordered that Quality and LOCA pay their proportionate share of expenses, which it established was $8,081.24. The trial court further ordered that $70,972.39 of the funds in the registry of the court be paid to Quality and LOCA and awarded a credit in favor of Quality and LOCA of $495,694.61, together with 6% interest thereon from the date of the judgment, against any future workers' compensation benefits Mr. Oliver might seek.

Quality and LOCA filed a writ application and perfected a devolutive appeal. The writ was denied because the trial court's judgment was a final, appealable judgment; therefore, Quality and LOCA have an adequate remedy on appeal. *Oliver v. Tokio Marine*, an unpublished writ bearing docket number 12-572 (La.App. 3 Cir. 6/22/12).

## DISCUSSION

Quality and LOCA present one issue for our consideration: Is a workers' compensation insurer obligated to pay a Moody fee, when the case was settled without its consent? Quality and LOCA urge that Mr. Oliver and Tokio's failure to obtain their consent to the settlement requires that Tokio reimburse them the full amount of the benefits they paid to Mr. Oliver without a reduction for attorney fees and costs of the litigation, as provided in La.R.S. 23:1102(B).

Louisiana Revised Statutes 23:1102 provides the procedures to be followed when an employee or his employer files suit against a third party to recover damages for injuries suffered by the employee. Subsections (B) and (C) detail the reimbursement owed to the employer or its insurer when the employee settles his claims with the third party without proceeding to trial. These subsections provide:

> B. If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, *less attorney fees and costs paid by the employee in prosecution of the third party claim* and only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. . . . *If the employee . . . fails to obtain written approval* of the compromise from the employer and insurer at the time of or prior to such compromise**,** *the employee . . . shall forfeit the right to future compensation*, including medical expenses. *Notwithstanding the failure of the employer to approve such compromise, the employee's . . . right to future compensation* in excess of the amount recovered from the compromise *shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee,* **exclusive of attorney fees arising out of the compromise**. . . . *Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise,* **less attorney fees and costs paid by the employee in prosecution of the third party claim**.

3

C. (1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer *fails to obtain written approval* of the compromise from the employer or his insurer at the time of or prior to such compromise ***and*** *the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits* out of the funds received as a result of the compromise, *the third party defendant or his insurer shall be required to reimburse the employer or his insurer* to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee ***to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section.*** Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.

(Emphasis added). Quality and LOCA admit that although they did not consent to the settlement, Mr. Oliver protected his rights against them for future benefits and his right to reduce their reimbursement by attorney fees and costs by depositing the full amount of the benefits they paid him into the registry of the court, as provided in La.R.S. 23:1102(B). They contend, however, that the result is not the same for Tokio under Subsection (C) because it did not obtain their written consent to the settlement.

Quality and LOCA's argument ignores the plain wording of Subsections (B) and (C). Pursuant to Subsection (C), a third-party defendant is obligated to reimburse an employer and/or its insurer if it failed to obtain their consent *and* the employee did not reimburse the employer and/or insurer the total compensation benefits and medical expenses they paid. The third-party defendant must reimburse the employer and/or insurer: "the total amount of compensation benefits and medical benefits previously paid . . . to the extent said amounts have *not been previously paid* to the employer or his insurer by the employee *pursuant to the provisions of Subsection B.*" La.R.S. 23:1102(C). Hence, a third party is only

4

required to reimburse an employer and/or insurer amounts the employee did not pay "pursuant to the provisions of Subsection B." *Id.*

Subsection (B), and Subsection (C) by reference thereto, specifically contemplates the payment of attorney fees and costs by the employer or insurer when they are reimbursed by the employee as provided therein. Mr. Oliver satisfied the requirements of Subsection B; therefore, the trial court did not err in making Quality and LOCA pay Moody fees as provided therein.

The court in *Eakin v. United Technology Corp.,* 998 F.Supp. 1422 (S.D.Fla. 1998), reached the same result, though not for the same reasons. In doing so, the court considered the history of the decision in *Moody v. Arabie*, 498 So.2d 1081, and the relationship between *Moody* and La.R.S. 23:1102-03 and aptly observed:

> [T]here are two distinct policies at play here: (1) protecting an intervening workers' compensation carrier under Louisiana's workers' compensation laws, and (2) reimbursing an injured worker a share of his attorney's fees under *Moody*. . . . [T]hese two policies are not incompatible; there is a "false conflict" at best. In fact . . . Louisiana's workers' compensation scheme works in such a way as to make it practically impossible for these two policies to undermine one another.

*Eakin*, 998 F.Supp. at 1425. The court explained in *Eakin* that Subections 1102(B) and (C) work together to insure "that an employer or insurer will not be prejudiced by the unilateral acts of an employee." *Id.* at 1425-26. If an employee and tortfeasor fail to obtain an employer or insurer's approval of their settlement, the employer's and insurer's liability is limited in two ways: (1) they are not obligated to pay future benefits and (2) their claim for reimbursement of benefits paid to the employee is preserved against the employee "*and* the settling tortfeasor." *Id.* at 1426.

Importantly, the court pointed out that the intent and purpose of *Moody* and applicable workers' compensation laws would be thwarted if employers or insurers, like Quality and LOCA, were allowed to reap the benefits of the risks taken by the employee to obtain a full recovery for them without having to pay their proportionate share of the attorney fees and costs. Such a free ride is not contemplated by Louisiana law and jurisprudence. *See Myers v. Burger King Corp.,* 92-400, 93-1626 (La.App. 4 Cir. 5/26/94), 638 So.2d 369, where the court observed that the third-party defendant's escrow of the full amount of the intervention protected the employer and its insurer; therefore, the trial court's reduction of the intervention award by the proportionate amount of attorney fees and costs was not error.

Quality and LOCA argue this court's decisions in *Ferrell Lavergne Eagle Pacific Insurance Co. v. Quality Fabricators of Eunice, Inc.*, 02-548 (La.App. 3 Cir. 12/11/02), 832 So.2d 1176, *writ denied*, 03-127 (La. 3/21/03), 840 So.2d 540, and *Lavergne v. Quality Fabricators of Eunice, Inc.*, 04-125 (La.App. 3 Cir. 12/8/04), 888 So.2d 1147, *writ denied*, 05-46 (La. 3/18/05), 896 So.2d 1007, support their claims. In the *Lavergne* cases, the employee and third-party defendant reached a high-low settlement while the jury was deliberating. The jury determined the defendant was not at fault, and pursuant to the high-low agreement, the defendant paid the plaintiff $25,000.00. The trial court dismissed the claims of the plaintiff *and* the intervenor. The intervenor, who was not present at the trial and was not consulted before the settlement was reached, successfully appealed the dismissal of its claims. *Lavergne*, 832 So.2d 1176. The intervenor then sought to recover its lien from the third-party defendant because it did not consent to the settlement. The third-party defendant was held liable to the intervenor for

$124,905.90, the full amount of the workers' compensation benefits and medical expenses it paid to the employee. *Lavergne*, 888 So.2d 1147.

The facts in the *Lavergne* cases are so different from the facts before us that its result has no application here. The intervenor in *Lavergne* was neither notified of the settlement discussions, nor was it asked to consent to the settlement agreement. Most importantly, its interests were not protected as were the intervenors' interests here and in *Eakin* and *Myers*. Moreover, to accept Quality and LOCA's arguments would allow employers and their workers' compensation insurers to circumvent the law and avoid paying Moody fees by simply refusing to consent to a favorable settlement offer which could easily lead to employers and insurers never consenting to an employee's legitimate settlement of his claims. For these reasons, we find no error with the trial court's reduction of Quality and LOCA's intervention by their proportionate share of attorney fees and costs.

## DISPOSITION

The judgment of the trial court is affirmed. All costs are assessed to Quality Transport, Inc. and LOCA Insurance Fund.

**AFFIRMED.**

7